**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Wayne A. CRIDER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 26, 1999.

Filed Aug. 12, 1999.

Colleen K. Rettig, Waynesboro, for appellant.

David W. Rahauser, Asst. Dist. Atty., Waynesboro, for Commonwealth, appellee.

Before KELLY, JOHNSON and BECK, JJ.

JOHNSON, J.:

¶ 1 In rewriting Section 9545 of the Post Conviction Relief Act (PCRA) in 1995, the legislature established a time limit within which a petitioner must file a petition for post-conviction collateral relief. The legislature set forth three exceptions in the 1995 amendment under which that limitation could be excused. On this appeal, we must determine whether one of the exceptions applies where an inmate alleges interference by government officials with the presentation of a claim based upon the denial of the inmate's access to requested court documents at a time when no matter was pending before the court. We conclude that no constitutional violation occurs where the production of documents is discretionary with the court and no grounds are advanced for exercise of that discretion. Accordingly, we affirm the order that dismissed the petition for post-conviction collateral relief as being time-barred.

¶ 2 In November 1995, Crider pled guilty to one count of receiving stolen property. 18 Pa.C.S. § 3925(a). On February 7, 1996, the Honorable John R. Walker, P.J., sentenced Crider to a term of six to twelve months' incarceration.

Nearly two months later, on April 2, 1996, Crider filed a *pro se* "Motion in Arrest of Judgment and for Dismissal/Disposal of Judgment." The Commonwealth filed its answer to the motion, alleging that because the motion was filed more than ten days after imposition of sentence, it was untimely and must be dismissed. On April 17, 1996, Judge Walker issued a rule upon Crider to show cause why the motion should not be dismissed.

¶3 In response to the rule, Crider filed a pleading alleging that he had discovered, after sentencing, that the victim knew the identity of the true guilty party and that the victim had conveyed this information both to the police and to Crider's counsel. He further alleged that he had informed his attorney that he wanted to meet with him at the county prison concerning an appeal, but his counsel never came to the prison to meet with him. Finally, Crider alleged that:

> #4) Considering the aforementioned[,] the defendant does not wish to file a P.C.H.A., nor a higher writ in that the defendant is not up to that lengthy task and only wishes to save tax-payers['] monies and the court[']s time by not having to wait until he is moved to the state prison and have the sheriffs tied up and further use tax-payers' monies seeing that this court could be just and considerate without excess.

Statement of Crider in Response to the Rule to Show Cause, undated, filed 5/2/96, at 2.

¶4 President Judge Walker dismissed the motion in arrest of judgment and for dismissal/disposal of judgment by his order of May 1, 1996. In that order, the court noted that thirty days had elapsed since Crider's sentence was imposed and the court was without authority to modify the sentence. 42 Pa.C.S. § 5505. In the order, Judge Walker stated that Crider could "file a Post Conviction Hearing Act petition for the court's consideration." Order of Court, 5/1/96, Walker, P.J.

¶5 On July 29, 1996, Crider prepared and filed an application for an order to secure court records for his convictions at 123 and 124 of 1987 and at 897 of 1995, the present action. He specifically requested a copy of the warrant of arrest, the notes of testimony from his guilty plea and sentencing, and a certified copy of all docket entries. The certified record contains the affidavit of an official court reporter, dated March 27, 1997, stating that a freelance reporter was hired to substitute for Judge Walker's court reporter at the proceedings at Nos. 123 and 124 of 1987, that the freelance reporter's whereabouts were unknown and that the transcript ordered for April 22, 1987, could not be obtained. The transcripts of the proceedings at No. 897 of 1995 were lodged with the court on February 6–7, 1997, and filed February 11–12, 1997.

¶6 Crider filed a Motion for Post Conviction Collateral Relief on May 5, 1997, and the court issued a rule upon the Commonwealth to show cause why a PCRA hearing should not be granted. In the PCRA petition, Crider renewed his allegation that the party responsible for the theft of goods had "confessed" at Crider's preliminary hearing in front of the assistant district attorney, the defense counsel, and other witnesses. He sought relief from any time served on the receiving stolen goods conviction and requested that the time be credited towards his "parole hit," the additional sentence imposed as a result of his parole violation on other charges.

¶7 The Commonwealth moved that the PCRA petition be dismissed as being untimely filed. After several continuances requested by Crider, the court conducted a hearing on Crider's PCRA petition on March 31, 1998. On July 9, 1998, the Honorable Richard J. Walsh filed his Opinion and Order denying PCRA relief and dismissing Crider's petition. Crider brings this appeal from that order.

¶8 On appeal, Crider presents five issues for our review:

A) Whether the Court of Common Pleas erred in dismissing Appellant's PCRA Petition as untimely where through no fault of Appellant, the Clerk of Courts failed to provide transcript of the Sentencing Hearing and the Commonwealth failed to respond to Rule to Show Cause, thereby delaying the filing date of Appellant's PCRA Petition.

B) Whether Appellant should have been granted PCRA Relief where Trial Counsel was ineffective at every stage of Appellant's case which undermined the truth determining process where counsel failed to file Motions to Dismiss, failed to investigate and review exculpatory evidence and failed to keep Appellant informed at all stages of the proceeding.

C) Whether Appellant should have been granted PCRA relief where due to Trial Counsel's ineffectiveness Appellant unknowingly and involuntarily entered a guilty plea.

D) Whether this case should be remanded or in the alternative granted leave to file an appeal Nunc Pro Tunc where PCRA counsel was ineffective for failure to amend Appellant['] s pro se PCRA Petition to include signed certification of witnesses and to assert Trial Counsel ineffectiveness for not appealing evidence.

E) Whether PCRA Court abused its discretion by denying Appellant Postconviction Relief in the way of a complete evidentiary hearing, and thus denied him of his constitutional rights.

Appellant's Brief at 3.

¶ 9 We first turn to Crider's claim that Judge Walsh erred in dismissing his PCRA petition as untimely. We begin by noting that the amendments to Section 9545 apply to petitions filed after the effective date of the amendments, January 16, 1996. Act of November 17, 1995, P.L. 1118, No. 32 (Spec.Sess. No. 1), § 3(1). However, the 1995 amendments also provide that an appellant whose judgment has become final on or before January 16, 1996, shall be deemed to have filed a timely petition if the appellant's first petition is filed within one year of the effective date of the amendments. *Id.* Because the effective date of the amendments is January 16, 1996, the operative deadline for first-time PCRA petitions is January 16, 1997. *Commonwealth v. Austin,* 721 A.2d 375, 378 (Pa.Super.1998); *Commonwealth v. Little,* 716 A.2d 1287, 1288 (Pa.Super.1998). Crider was sentenced on February 7, 1996, and he did not seek direct review of his sentence. Therefore, his judgment became final on March 8, 1996. 42 Pa.C.S. §§ 5505, 9545(b)(3); *Commonwealth v. Wesley,* 455 Pa.Super. 343, 688 A.2d 201, 203 (1997). As a first-time petitioner, Crider was eligible to seek the benefit of the one-year grace period. However, the one-year period following Crider's judgment becoming final expired on March 8, 1997. He did not file his first PCRA petition until May 5, 1997, well beyond the grace period afforded first-time petitions. Crider would be ineligible to pursue relief under the PCRA, as amended, unless one of the exceptions set forth in Section 9545(b)(1)(i), (ii), or (iii) applies.

¶ 10 We must then consider whether Crider may benefit from one of the exceptions to the time limitation. In his first issue, Crider argues that the inaction or interference by the Clerk's Office and the Office of the District Attorney caused his petition to be filed after the January 16, 1997 deadline. Crider argues that on March 1 and April 2, 1996, he filed *pro se* post-trial motions that were dismissed by the trial court on May 1, 1996, as untimely. He contends that the trial court directed him to file a PCRA petition. He alleges that on July 29, 1996, he petitioned to obtain certain court documents for the pursuit of his PCRA claims and this request was not finally honored until the documents were mailed to him on March 27, 1997. He asserts that the subsequent filing of his PCRA petition on May 5, 1997, should be deemed timely. We are unable to agree.

¶ 11 Section 9545(b)(1) provides in pertinent part:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]

Crider argues that the delay by the Clerk's Office's in returning the notes of testimony, coupled with the Commonwealth's failure to respond to the rule to show cause on production of the documents, constitutes "interference by government officials," thereby invoking Section 9545(b)(1)(i). We reject this contention.

¶ 12 The trial court correctly observed that a court is not required to comply with a defendant's request for transcripts in order to pursue relief in a PCRA proceeding where no such action is pending. *Commonwealth v. Martin*, 705 A.2d 1337 (Pa.Super.1998); *Commonwealth v. Ballem*, 334 Pa.Super. 255, 482 A.2d 1322 (1984). In *Martin*, this Court rejected the appellant's argument that the documents requested through defendant's *pro se* motion were necessary in order for the defendant to pursue relief in post-conviction proceedings. *Martin*, 705 A.2d at 1338. We adopted the reasoning in *Ballem* that a trial court, confronted only with a petition for production of documents where no action is pending, is in no position to assess a petitioner's claims to determine whether they constitute compelling reasons warranting a grant of the petitioner's petition. *Id.* Here, as in *Martin*, we decline to find an abuse of discretion in denying the petitioner's request

until a proceeding to question the record is commenced. *See id.*

¶ 13 Moreover, the facts upon which Crider has based his PCRA petition are not contained in the notes of testimony for either the guilty plea or sentencing proceedings. The alleged statements by the person Crider alleges is the real, "guilty party" and the statements by the victim and other witnesses all occurred at or near the preliminary hearing, a proceeding for which no notes of testimony were either transcribed or ordered. Crider had full knowledge of the basis for his post-conviction relief immediately following his sentencing on February 7, 1996, since the facts are set forth in his April 23, 1996 response to the trial court's rule issued following Crider's motion for arrest of judgment. Where a petitioner has access to all of the facts underlying a post-conviction claim well within the period of limitations for filing that claim, we cannot say that the petitioner's failure to timely raise the claim is "the result of interference by government officials with the presentation of the claim." Nor can we say that the discretionary denial of a petition for the production of documents constitutes interference with the presentation of a claim where the petitioner has not set forth independent compelling reasons for granting the relief and no action is pending before the court.

¶ 14 Because we find that the exception found in Section 9545(b)(1)(i) does not apply, we must also conclude that Crider's PCRA petition was untimely and the trial court was without jurisdiction to entertain the petition. *Commonwealth v. Alcorn*, 703 A.2d 1054, 1057 (Pa.Super.1997). Because the court was without jurisdiction to entertain the petition, we find no abuse of discretion in the court's denial of post-conviction relief without a complete evidentiary hearing on the ineffectiveness issues. Thus, we need not review those issues on this appeal.

¶ 15 In his final issue, Crider contends that he was deprived of his appellate

rights when the trial court limited the presentation of evidence at the hearing held March 31, 1998. One prospective witness, Mary Wilt, was called but did not testify. Several other witnesses testified to matters relating to the merits of Crider's guilt and trial counsel's alleged ineffectiveness. Where we conclude that the trial court was without jurisdiction to entertain the petition due to its untimeliness, we reject the contention that Crider has been denied any of his appellate rights merely because he was precluded from presenting evidence on alleged ineffectiveness at the evidentiary hearing.

¶ 16 Because the petition was untimely filed, we must affirm the order denying post-conviction relief.

¶ 17 Order **AFFIRMED**.