

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-2-2006

# Perry v. Vaughn

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3981

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Perry v. Vaughn" (2006). *2006 Decisions.* Paper 1489.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1489

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3981

CURTIS PERRY,
                              Appellant

v.

*DAVID DIGUGLIELMO; THE DISTRICT
ATTORNEY OF THE COUNTY OF PHILADELPHIA-
LYNNE ABRAHAM; THE ATTORNEY GENERAL OF
THE STATE OF PENNSYLVANIA-*GERALD PAPPERT

*(Amended in accordance with Clerk's Order dated 12/01/04)

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Civil 02-cv-00839
District Judge:  The Honorable John P. Fullam

Submitted Under Third Circuit LAR 34.1(a)
January 10, 2006

Before: BARRY and AMBRO, <u>Circuit Judges</u>, and DEBEVOISE,* <u>District Judge</u>

(Opinion Filed: March 2, 2006)

---

*The Honorable Dickinson R. Debevoise, Senior District Judge, United States District Court for the District of New Jersey, sitting by designation.

---

OPINION

---

BARRY, Circuit Judge

Curtis Perry appeals the District Court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2244. For the reasons set forth below, we will dismiss the appeal for lack of jurisdiction.

**I.**

Because we write primarily for the parties, we mention only those facts pertinent to our decision. On December 13, 1991, Perry was convicted in the Court of Common Pleas, Philadelphia County, of first-degree murder, criminal conspiracy, possession of an instrument of crime, and two counts of aggravated assault.[1] The court imposed a sentence of life imprisonment on the murder conviction.[2] Perry appealed to the Superior Court of Pennsylvania. The Superior Court affirmed in May 1994, and the Pennsylvania Supreme Court denied Perry's *allocatur* petition on December 2, 1994. Perry did not file a petition for certiorari; therefore, his conviction became final ninety days later, when the time

---

[1] The prosecution arose out of the shooting death of an innocent bystander during an alleged drug turf war that erupted in Philadelphia in the late 1980s.

[2] The court also imposed the following sentences to run concurrently with the life sentence: ten to twenty years on both counts of aggravated assault, five to ten years for criminal conspiracy, and two and a half to five years for possession of an instrument of a crime.

2

allowed for certiorari review expired.  *See Caspari v. Bohlen*, 510 U.S. 383, 390 (1994); *Karpal v. United States*, 166 F.3d 565, 572 (3d Cir. 1999).

Sometime on or before May 9, 1997, Perry filed a petition for collateral review under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 *et seq.*[3]  On October 20, 1997, the PCRA court dismissed the petition as untimely.  The court, however, failed to give Perry ten days' notice of intent to dismiss his PCRA petition, as required by former Rule 1507 (now Rule 907) of the Pennsylvania Rules of Criminal Procedure.  Therefore, on July 20, 1999, the Superior Court reversed and remanded the case to the PCRA court.  After providing Perry with the required notice, in January 2001 the PCRA court once again dismissed his petition as untimely.  The Superior Court affirmed on December 31, 2001.

A month and a half later, on February 12, 2002, Perry filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. As amended in December 2002, his petition alleged a violation of compulsory process, *Brady* violations, prosecutorial misconduct in closing argument, *Batson* violations,

---

[3] The District Court stated that Perry did not file his PCRA petition until May 9, 1997. Perry contends, however, that it was filed earlier.  The cover letter attached to his petition was stamped as received by the PCRA unit on May 1, 1997.  Because Pennsylvania state courts apply a "prisoners' mailbox rule," under which a prisoner's PCRA petition is deemed filed on the date that the prisoner delivers it to the proper prison authority or to a prison mailbox, it is clear that the correct filing date must be prior to May 1. *See Pennsylvania v. Little*, 716 A.2d 1287 (1998).  Perry argues that the actual filing date may be as early as April 23, 1997, "[g]iven the notoriously poor mail service in and out of state prisons."  Appellant's Br. at 23.

improper admission of prior bad act evidence, and ineffective assistance of trial counsel.

The District Court dismissed the petition as untimely, and denied Perry's request for a

certificate of appealability ("COA").  Upon reconsideration, however, the District Court

issued a COA "on the constitutional issues raised by the petitioner[]."  This appeal

followed.

## II.

We lack jurisdiction over a COA that was improperly issued by a district court.

*United States v. Cepero*, 224 F.3d 256 (3d Cir. 2000) (en banc).  Under 28 U.S.C. §

2253(c)(2), a COA is properly issued "only if the applicant has made a substantial

showing of the denial of a constitutional right."[4]

> Where a district court has rejected the constitutional claims on the merits,
> the showing required to satisfy § 2253(c)[(2)] is straightforward: The
> petitioner must demonstrate that reasonable jurists would find the district
> court's assessment of the constitutional claims debatable or wrong.  The
> issue becomes somewhat more complicated where, as here, the district court
> dismisses the petition based on procedural grounds.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a district court denies a habeas

---

[4] 28 U.S.C. § 2253(c) provides:
> (1) Unless a circuit justice or judge issues a certificate of appealability, an
> appeal may not be taken to the court of appeals from--
> > (A) the final order in a habeas corpus proceeding in which the detention
> > complained of arises out of process issued by a State court; or
> > (B) the final order in a proceeding under section 2255 [28 USCS § 2255].
> (2) A certificate of appealability may issue under paragraph (1) only if the
> applicant has made a substantial showing of the denial of a constitutional
> right.
> (3) The certificate of appealability under paragraph (1) shall indicate which
> specific issue or issues satisfy the showing required by paragraph (2).

petition on procedural grounds, a COA is only appropriate if (1) "jurists of reason . . . could conclude the [constitutional] issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack*, 529 U.S. at 478. Here, the District Court denied Perry's habeas petition on the procedural ground that it was untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations within which to apply for a writ of habeas corpus challenging a state court conviction. *See* 28 U.S.C. § 2244(d)(1). The limitations period generally begins to run on the date on which the judgment becomes final by the conclusion of direct review or the expiration of time for seeking such review. *Id.* Prisoners like Perry, however, whose convictions became final prior to the effective date of AEDPA – April 24, 1996 – had a one-year "grace period" (plus any time during which the limitations period is statutorily or equitably tolled) to file a request for habeas relief. *See Burns v. Morton*, 134 F.3d 109, 111-12 (3d Cir. 1998). Perry did not file his habeas petition until February 12, 2002, well after AEDPA's one-year grace period ended. Therefore, his petition can only be deemed timely if he was entitled to statutory or equitable tolling of the limitations period.

Perry sets forth a complicated, interlocking statutory and equitable tolling argument to support his contention that the limitations period was tolled until December

31, 2001, thus rendering his filing on February 12, 2002 timely.[5]  Initially he argues that being deprived of his legal materials following a prison lock-down in August 1995 (which also briefly restricted his access to the prison law library) was a state-created impediment to filing that delayed the accrual of the limitations period until April 2000, when he was finally able to obtain new copies of his court transcripts and other records. Alternatively, he contends that being deprived of his legal materials constituted "extraordinary circumstances" that warrant equitable tolling of the limitations period. Because his deprivation theory would only account for three of the five years by which he exceeded the limitations period, he argues that he is entitled to tolling under § 2244(d)(2) for the entire time that his state PCRA petition was pending, ending on December 31, 2001, when the Superior Court affirmed the denial of his petition.

The proposed tolling under § 2244(d)(2), which is a *sine qua non* of Perry's argument, is foreclosed by federal law.  Only a "properly filed" application for state post-conviction relief tolls the limitations period under § 2244(d)(2).  As the Supreme Court

---

[5] Section 2244(d)(1)(B) provides that the limitations period is tolled during the pendency of an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States . . . , if the applicant was prevented from filing by such State action."  Under § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending."  Furthermore, equitable tolling of AEDPA's limitations period is available, but "only when the principle of equity would make the rigid application of a limitation period unfair."  *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citation and quotation omitted).   "A petitioner seeking equitable tolling bears the burden to show that he diligently pursued his rights and that some 'extraordinary circumstance stood in his way.'"  *Satterfield v. Johnson*, No. 04-3108, 2006 U.S. App. LEXIS 1033, at *26 (3d Cir. 2006) (quoting *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005).

recently confirmed, a petition that is rejected by a state court as untimely is not "properly filed" within the meaning of the section, and accordingly does not toll the one-year statute of limitations. *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1812 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).") (alteration in original). Furthermore, it is well established that we must "give deference to the state court's determination of the timeliness of the state PCRA petition." *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Because the Pennsylvania courts have already determined that Perry's PCRA petition was untimely, "it would be an undue interference for [us] to decide otherwise." *Id.*; *see also Fahy v. Horn*, 240 F.3d 239, 233-34 (3d Cir. 2001).

Perry concedes that we must accept a state court's application of its own PCRA statute, but argues that we need not defer to the finding of untimeliness in this case because it was based on a clearly erroneous finding of fact, which he should have the opportunity to rebut with clear and convincing evidence in an evidentiary hearing before the District Court. *See* 28 U.S.C. § 2254(e). We reject this argument. Under Pennsylvania law, Perry had to file his PCRA petition by January 16, 1997.[6] He did not

---

[6] Although § 9541(b) requires PCRA petitions to be filed within one year of the date the judgment becomes final, "an appellant whose judgment has become final on or before January 16, 1996 [PCRA's effective date], shall be deemed to have filed a timely petition if the appellant's first petition is filed within one year of the effective date of the amendments." *Commonwealth of Pennsylvania v. Crider*, 735 A.2d 730, 732 (1998).

file his petition until May 1997.[7]  Therefore, Perry's petition would not be considered

timely under Pennsylvania law unless he could prove that one of the enumerated

exceptions to the time limitation, set forth in 42 Pa.C.S.A. § 9545(b), applied.

42 Pa.C.S.A. § 9541(b) provides in pertinent part:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

Perry argued to the PCRA court that the fact that he was deprived of his legal materials,

his inability to acquire new copies, and his lack of access to the prison law library

constituted "interference by government officials," rendering his filing timely.  The

PCRA court rejected this contention, and deemed the petition untimely.  It held that even

if Perry had been subjected to governmental interference, the interference "occurred in

1995 and concluded in 1995."  Accordingly, Perry should have filed his petition within 60

---

[7] Perry argues that the petition was actually filed earlier, *see supra* note 3.  It was certainly not filed before late-April 1997, however, which was still well past the January 16 deadline.

days of the end of the interference, as required by § 9545(b)(2).[8]

Contrary to Perry's assertion, the state court's dismissal of his petition was not based on an erroneous finding of fact but, rather, was based on a legal determination that any governmental interference, as defined by Pennsylvania law, that may have existed ended in 1995. This conclusion is reasonable and well established by Pennsylvania case law, which holds that possession of transcripts and other court documents is not necessary in order for a defendant to pursue relief in a post-conviction proceeding. *See, e.g.*, *Pennsylvania v. Crider*, 735 A.2d 730 (1998); *Pennsylvania v. Martin*, 705 A.2d 1337 (1999).

Because there is no room for debate on the propriety of the District Court's dismissal of Perry's petition as untimely, the COA was not properly issued. We, therefore, will dismiss the appeal for lack of jurisdiction.

---

[8] § 9545(b)(2) provides that "[a]ny petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented."

9