J-S30041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL M. WHITE | |
| Appellant | No. 117 EDA 2015 |

Appeal from the PCRA Order December 9, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1103122-1990

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:           **FILED JUNE 04, 2015**

Daniel White, who is serving a life sentence for second degree murder, appeals from an order dismissing his fifth petition seeking relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. We affirm.

The facts of this case are as follows:

> One evening, [White] and his accomplice Eric Dowling entered a house in the Tasker Homes Projects. As they entered, [White] was holding a cocked .25 automatic hand gun with his finger on the trigger. [White] accosted Charles Wright, who was present in the house, taking Wright's cigarettes and directing Dowling to take the belongings in Wright's pockets. [White] ultimately attempted to take Wright's car keys by threatening Wright with the gun held up to his forehead. Wright's friend Stone, who had been sitting in the house, attempted to intervene and, after a struggle, was fatally shot as he lay prone on the ground. Dowling then went through the fallen Stone's pockets and took his money, at which point Dowling and [White] ran off. Shortly thereafter, Stone was found dead in the spot where he lay.

***Commonwealth v. White***, No. 901 EDA 2001 (Pa. Super. Feb. 26, 2002) (unpublished memorandum) (quoting ***Commonwealth v. White***, 641 A.2d 1229 (Pa.Super.1993)).

Following a nonjury trial in October 1991, the trial court found White guilty of second degree murder,[1] robbery,[2] criminal conspiracy,[3] and possessing an instrument of crime.[4] The court sentenced White to life imprisonment for second degree murder and concurrent terms of imprisonment for the other convictions. This Court affirmed defendant's judgments of sentence on December 2, 1993. Defendant did not seek allocatur.

On January 2, 1997, White filed his first PCRA petition. On March 6, 2001, the PCRA court dismissed this petition. This Court affirmed on February 26, 2002, and the Supreme Court denied allocatur on August 9, 2002.

On November 25, 2003, White filed his second PCRA petition. On June 17, 2004, the PCRA court dismissed the petition. On June 20, 2005, this Court dismissed White's appeal for failure to file an appellate brief.

---

[1] 18 Pa.C.S. § 2502(b).

[2] 18 Pa.C.S. § 3701.

[3] 18 Pa.C.S. § 903.

[4] 18 Pa.C.S. § 907.

On May 9, 2005, defendant filed his third PCRA petition. On March 16, 2006, the PCRA court dismissed it as untimely. On December 12, 2007, this Court affirmed.

On February 5, 2008, White filed his fourth PCRA petition. On December 9, 2008, the PCRA court dismissed it as untimely. White did not file an appeal.

On June 11, 2010, White filed his fifth PCRA petition, the petition presently on appeal. On August 4, 2014, the PCRA court issued a notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On December 9, 2014, the PCRA court dismissed the petition as untimely. On December 16, 2014, White filed a timely notice of appeal. The PCRA court filed a Pa.R.A.P. 1925(a) opinion without ordering White to file a Pa.R.A.P. 1925(b) statement.

In violation of Pa.R.A.P. 2116, White fails to include a statement of questions presented in his appellate brief. We will excuse this omission because he limits his brief to a single coherent issue: whether **Miller v. Alabama**, 567 U.S. --, 132 S. Ct. 2455 (2012), applies retroactively to his case. **Miller** held that mandatory life sentences without parole for defendants under age 18[5] at the time they commit murder violate the Eighth

---

[5] The record indicates that White was 16 years old at the time of the murder.

Amendment's prohibition on "cruel and unusual punishments." ***Miller***, 132 S.Ct. at 2460.

We lack jurisdiction over White's appeal due to his PCRA petition's lack of timeliness. No court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa.2003)). The PCRA provides that a petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); ***accord Monaco***, 996 A.2d at 1079; ***Commonwealth v. Bretz***, 830 A.2d 1273, 1275 (Pa.Super.2003). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, "[a] petition where the judgment of sentence became final before the effective date of the [1995] amendments [to the PCRA] shall be deemed timely if the petitioner's first petition was filed within one year of the effective date of the [1995] amendments [to the PCRA]." ***Commonwealth v. Thomas***, 718 A.2d 326, 328 (Pa.Super.1998); Act of November 17, 1995, P.L. 1118, No. 32 (Spec. Sess. No. 1), § 3(1). "Because the effective date of the amendments is January 16 1996, the operative deadline for first-time PCRA petitions is January 16, 1997."

*Commonwealth v. Crider*, 735 A.2d 730, 732 (Pa.Super.1999) (citations omitted).

Three exceptions to the PCRA's time bar provide for very limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); *Monaco*, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition invoking an exception to the PCRA time-bar must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

White's judgment of sentence became final on Monday, January 3, 1994, the final day for filing a petition for allowance of appeal with the Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (judgment is final at the conclusion of direct review or at the expiration of time for seeking review). Because this date preceded the effective date of the amendments to the PCRA, he had one year from the date the amendments took effect, i.e.,

January 16, 1997, to file a timely PCRA petition. ***Thomas, Crider, supra***. White did not file the present PCRA petition until June 11, 2010, over thirteen years after January 1997. Therefore, his petition is untimely on its face.

White does not satisfy any of the three exceptions to the one year statute of limitations. He does not allege governmental interference or newly discovered evidence (section 9545(b)(1)(i-ii)). Nor does White satisfy the third exception, retroactive application of a constitutional right (section 9545(b)(1)(iii)), because neither our Supreme Court nor the United States Supreme Court has held that ***Miller*** applies retroactively. Our Supreme Court held in ***Commonwealth v. Cunningham***, 81 A.3d 1, 11 (Pa. 2013), that ***Miller*** does not apply retroactively. The United States Supreme Court recently agreed to decide whether ***Miller*** applies retroactively, ***see Montgomery v. Louisiana***, -- U.S. --, 135 S.Ct. 1546 (3/23/15), but it will not decide ***Montgomery*** until its 2015-16 term beginning in October 2015. Absent a final decision in White's favor from the United States Supreme Court, he is not eligible for relief under section 9545(b)(1)(iii).

White's PCRA petition is untimely, and he has not established any exception to the PCRA time bar. Accordingly, we lack jurisdiction to address his petition, and we affirm the order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/4/2015