J. S01027/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| THOMAS ALONZO RICHARDSON, | : | |
| | : | |
| Appellant | : | No. 870 MDA 2016 |

Appeal from the PCRA Order July 7, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0001964-1977

BEFORE: GANTMAN, P.J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 08, 2017**

Appellant, Thomas Alonzo Richardson, appeals *pro se* from the July 7, 2015 Order entered in the Court of Common Pleas of Dauphin County dismissing as untimely his seventh Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm on the basis that Appellant's PCRA Petition is untimely and this Court, thus, lacks jurisdiction to review the Petition.

The underlying facts, as summarized in this Court's memorandum decision disposing of Appellant's direct appeal from the denial of his sixth PCRA Petition, are as follows:

> On November 9, 1977, Appellant and an accomplice entered a bar in Harrisburg, shot and killed the bartender, and pistol-whipped four people. A jury convicted Appellant of third degree murder and five counts of aggravated assault on February 15, 1978. Appellant also pled guilty to robbery and simple assault

on March 14, 1978. On May 10, 1978, the court sentenced Appellant to an aggregate term of thirty-five (35) to seventy (70) years' imprisonment. This Court affirmed the judgment of sentence on June 28, 1979.

Appellant filed his first PCRA petition in January 1988. The PCRA court denied the petition on November 15, 1990, and this Court affirmed the decision on July 15, 1991. Between 1995 and 2011, Appellant filed numerous PCRA petitions, all of which were unsuccessful.

*Commonwealth v. Richardson*, No. 1117 MDA 2013, unpublished memorandum at 1-2 (Pa. Super. filed April 2, 2014).[1]

On January 14, 2015, Appellant filed the instant *pro se* PCRA Petition, his seventh, claiming his sentence is illegal. On June 9, 2015, the PCRA court issued notice of its intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907. Appellant responded *pro se* on June 25, 2015, and June 30, 2015. On July 7, 2015, the PCRA court dismissed Appellant's PCRA Petition.

On July 17, 2015, Appellant timely filed a *pro se* Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

1. Whether the [PCRA] court erred when it dismissed [Appellant's] successive PCRA [P]etition seeking review and a full evidentiary hearing upon an outstanding on the record legal error of an imposed illegal sentence with evidence proffered?

---

[1] This Court noted that, "The chief complaint raised in Appellant's [sixth] petition is the legality of his sentence." *Commonwealth v. Richardson*, No. 1117 MDA 2013, unpublished memorandum at 2 n.1 (Pa. Super. filed April 2, 2014).

2. Whether the Superior Court was [misled] by Judge Hoover on 7/12/2013, when he told Judge D.E. Curcillo, that her order to show cause why [A]ppellant shouldn't be furnished a certified copy of his co-defendant[']s sentencing transcripts which he desire[d] to furnish to the Superior Court in a pending appeal No.-1117-MDA-2013, that "…no matters were pending which require the sentence transcripts and that Judge Curcillo should not entertain any evidence appellant offers upon same.["] That entire situation should be deemed government interference because this Superior Court was pending disposition of No-1117[-]MDA-2013 which Judge Hoover was the lower court opinion judge. Therefore he [] caused appellant enability [*sic*] to furnish the Superior Ct. with that appellant could obtain relief via a PCRA/Writ and with the sentence for comparison of an illegal sentence matter.

Appellant's Brief at 3.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's Judgment of Sentence became final on July 30, 1979, upon expiration of the time to file a Petition for Allowance of Appeal with our Supreme Court.[2] **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a). In order to be timely, Appellant needed to submit his PCRA Petition by July 30, 1980. **Id**. Appellant filed this PCRA Petition on January 14, 2015, more than thirty-five years after his Judgment of Sentence became final. The PCRA court properly concluded that Appellant's Petition is facially untimely. PCRA Court Opinion, dated 9/12/16, at 2-3.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

---

[2] July 28, 1979, was a Saturday. **See** 1 Pa.C.S. § 1908.

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2). ***See, e.g., Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000) (reviewing specific facts that demonstrated the claim had been timely raised within 60-day timeframe).

Here, Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(i) to challenge the legality of his sentence, averring that the trial court interfered with his attempts to obtain the sentencing transcript of his accomplice and codefendant. Appellant's Brief at 16-18.

"[A] court is not required to comply with a defendant's request for transcripts in order to pursue relief in a PCRA proceeding where no such

action is pending." ***Commonwealth v. Crider***, 735 A.2d 730, 733 (Pa. Super. 1999). "[I]t is well settled that a defendant need not possess transcripts and other court documents before pursuing post-conviction relief." ***Id***.

In support of his claim of a timeliness exception, Appellant baldly avers that his family members prepaid the Clerk of Courts for these transcripts. Appellant's Brief at 18. When the Clerk of Courts stated that they could not release the transcript in question without a court order, Appellant "petitioned the lower court for an order to have the pre-paid transcripts of his co-defendant released." ***Id***. On July 12, 2013, the PCRA court entered an Order refusing to entertain Appellant's petition, effectively denying Appellant's request and stating, "No matters are pending before this court, and no issues exist in the pending appeal, which require the production of transcripts." Order, filed 7/12/13, at 1.

We agree with the PCRA court's assessment. At the time of Appellant's request, Appellant did not have a PCRA petition pending. Consequently, we disagree with Appellant's contention that the trial court committed governmental interference with his ability to pursue PCRA relief by denying his request for transcripts from his codefendant's case. ***See Crider***, ***supra***. We note that a lack of transcripts did not prevent Appellant from filing the instant PCRA Petition.

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. ***See*** PCRA Court Opinion at 2-3. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/8/2017