J-S09045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES JERMAINE POTTS, JR., | |
| Appellant | No. 2453 EDA 2016 |

Appeal from the PCRA Order July 22, 2016
in the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0001123-2012

BEFORE: SHOGAN, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED APRIL 26, 2017**

Appellant, James Jermaine Potts, Jr., appeals *pro se* from the order of July 22, 2016, which dismissed, without a hearing, his first petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. For the reasons discussed below, we affirm the dismissal of the PCRA petition.

We take the underlying facts and procedural history in this matter from this Court's March 3, 2015 memorandum on direct appeal and our independent review of the certified record.

> At approximately 2:00 a.m. on January 27, 2012, Towayne Uqdah, his cousin Andre Tutt and Kevin Morgan were walking toward Morgan's car, which was parked on a street in West

_____

[*] Retired Senior Judge assigned to the Superior Court.

Chester. Two men ran up to them, yelled at them not to move, and then started shooting. Tutt ran away and was shot once. Uqdah was shot nine times, and died from his injuries.

Police arrested [Appellant] and Greg Arrington for the shootings. Arrington subsequently pled guilty to the murder of Uqdah.

[Appellant's] trial began on September 30, 2013, and ended on October 3, 2013, when the jury found him guilty of [murder in the first degree, two counts of attempt to commit criminal homicide, two counts of aggravated assault, possessing an instrument of crime, five counts of recklessly endangering another person, and criminal conspiracy.[1]] On November 26, 2013, the [trial] court sentenced [Appellant] to [not less than] life imprisonment plus [not less than twenty-seven nor more than fifty-four] years' incarceration.

(*Commonwealth v. Potts*, 2015 WL 7458798, at *1 (Pa. Super. 2015) (unpublished memorandum)).

On March 3, 2015, this Court affirmed the judgment of sentence. (*See id.*). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

On May 1, 2015, Appellant, acting *pro se*, filed a petition for transcripts and other court documents. The trial court denied the petition on July 29, 2015. On March 4, 2016, Appellant, acting *pro se*, filed the instant, timely PCRA petition. On March 7, 2016, the PCRA court appointed counsel. On April 11, 2016, Appellant, despite being represented by counsel, filed a *pro se* petition for a writ of *habeas corpus*. On April 29, 2016, the PCRA

_____

[1] 18 Pa.C.S.A. §§ 2502(a), 901, 2702(a), 907, 2705, and 903, respectively.

court directed that the petition for a writ of *habeas corpus* be treated as a PCRA petition and forwarded it to counsel.

On May 18, 2016, PCRA counsel filed a motion to withdraw and submitted a **Turner**/**Finley** letter addressing issued raised in both PCRA petitions.[2]  On June 14, 2016, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1).  On June 16, 2016, Appellant, despite being represented by counsel, filed a second petition for transcripts and other court documents and records.  On July 1, 2016, Appellant, acting *pro se*, filed a response to the Rule 907 notice.  On July 21, 2016, the PCRA court granted counsel's motion to withdraw.  On July 22, 2016, the PCRA court denied Appellant's petition for transcripts and denied his PCRA petition.  The instant, timely appeal followed.[3]

On appeal, Appellant raises the following questions for our review.

I.      Did the PCRA court's denial of the trial record deprive Appellant of the right to meaningfully challenge PCRA counsel's no-merit letter?

---

[2]   **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] On August 10, 2016, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal.  **See** Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement.  **See id.**  On September 28, 2016, the PCRA court filed an opinion.  **See** Pa.R.A.P. 1925(a).

II. Did the PCRA court's denial of the trial record deprive Appellant of the right to vindicate his Sixth Amendment right to the effective assistance of trial counsel?

III. Did the PCRA court's denial of the trial record deny Appellant the right to proceed *pro se* during the PCRA proceedings?

(Appellant's Brief, at 4) (unnecessary capitalization omitted).

We review the denial of a post-conviction petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *See Commonwealth v. Faulk*, 21 A.3d 1196, 1199 (Pa. Super. 2011). To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). *See* 42 Pa.C.S.A. § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Further,

> . . . a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.
>
> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is

- 4 -

the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted).

Initially, we note that all of Appellant's issues are interrelated, each claiming that because the PCRA court denied his motion for transcripts he was unable to prosecute his PCRA petition. Therefore, we will address them together.

It is well settled that a defendant need not possess transcripts and other court documents before pursuing post-conviction relief. *See Commonwealth v. Crider*, 735 A.2d 730, 733 (Pa. Super. 1999). Discovery in PCRA proceedings is governed by Pennsylvania Rule of Criminal Procedure 902(E)(1), which states in pertinent part, "[e]xcept as provided in paragraph (E)(2),[4] no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1). Appellant has not met this hurdle.

---

[4] Relating to death penalty cases. *See* Pa.R.Crim.P. 902(E)(2).

In his brief, Appellant vaguely states he is certain that if supplied with transcripts and the myriad of other documents he requested,[5] he will be able to "[scour] the record in search of claims warranting reversal of the judgment." (Appellant's Brief, at 10). He notes his belief that collateral review "entails" a "fishing expedition" wherein he will search for a claim. (**Id.**). These bald assertions do not convince us that exceptional circumstances existed to compel the PCRA court to grant Appellant's broad-based discovery motion. **See Commonwealth v. Lark**, 746 A.2d 585, 590-91 (Pa. 2000) (affirming denial of discovery request during PCRA proceedings and stating, "[w]e will not sanction a fishing expedition when [a]ppellant fails to provide even a minimal basis for his claim."); **Commonwealth v. Williams**, 732 A.2d 1167, 1175 (Pa. 1999) (affirming denial of discovery request for broad-based discovery in PCRA proceedings where appellant did not cite to any specific ground supporting request). Thus, Appellant has not shown that the PCRA court erred in denying his request for discovery.[6]

_____

[5] In his petition, Appellant sought all transcripts, including preliminary hearing and motion hearing transcripts, all motions filed in the case, all trial court opinions, and all grand jury transcripts. (**See** Petition for Transcripts, Other Records, and Documents, 6/16/16, at 2).

[6] We note that Appellant does not challenge the denial of his PCRA petition on any grounds other than the denial of his petition for transcripts. (**See** Appellant's Brief, at 4).

Accordingly, for the reasons discussed above, we affirm the PCRA court's dismissal of Appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2017