J-S45007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BRIAN THOMPSON | : | |
| | : | |
| Appellant | : | No. 957 EDA 2020 |

Appeal from the Order Entered March 12, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003498-2005

BEFORE: BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY BOWES, J.:                          **FILED JANUARY 14, 2021**

Brian Thompson appeals *pro se* from the order that denied his petition
to unseal the Commonwealth's cases against Richard Mack. We affirm.

This Court has summarized the history of this case as follows:

> On July 7, 2005, Appellant shot and killed the mother of his
> children, Crystal Thompson. At trial, Appellant claimed either that
> the shotgun went off accidently when he tripped, or that it
> inadvertently fired while he was cleaning and playing with the gun
> because he was under the influence of drugs and alcohol. To rebut
> these claims, the Commonwealth presented the testimony of
> Appellant's friend, Richard Mack ("Mack"), who contradicted
> Appellant's testimony that he had been drinking or doing drugs
> that morning. Appellant was found guilty of first[-]degree murder
> and sentenced to life imprisonment.

> Appellant filed a timely direct appeal. On appeal, he
> contended that the Commonwealth failed to turn over **Brady**
> material about Mack's parole status and elicited false testimony
> from Mack that he was not on parole at the time of the murder.
> **See Brady v. Maryland**, 373 U.S. 83 (1963). On August 24,
> 2007, this Court affirmed the judgment of sentence.
> **Commonwealth v. Thompson**, 935 A.2d 24 (Pa.Super. 2007)

(unpublished memorandum). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on November 19, 2008. ***Commonwealth v. Thompson***, 960 A.2d 840 (Pa. 2008).

Appellant, acting *pro se*, filed a timely PCRA petition. The PCRA court appointed counsel, although Appellant elected to proceed *pro se* with stand-by counsel. In his petition, Appellant raised numerous issues including challenging his trial counsel's effectiveness for failing to request a bill of particulars for all of the prior convictions of Mack. Following a hearing, the PCRA court denied Appellant's first PCRA petition. This Court affirmed the denial on August 23, 2011. ***Commonwealth v. Thompson***, 32 A.3d 840 (Pa.Super. 2011). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Thompson***, 38 A.3d 825 (Pa. 2012).

On September 21, 2012, Appellant, acting *pro se*, filed his second PCRA petition. In his petition, Appellant argued that he was entitled to relief under the newly-discovered facts and governmental interference exceptions to the PCRA time bar, based on the fact that the Commonwealth never informed him that Mack had a pending criminal case at the time of Appellant's trial. The PCRA court dismissed the petition as untimely, and we agreed. ***Commonwealth v. Thompson***, 105 A.3d 42 (Pa.Super. 2014) (unpublished memorandum). Our Supreme Court denied his subsequent petition for allowance of appeal. ***Commonwealth v. Thompson***, 105 A.3d 42 (Pa. 2014).

On May 1, 2018, Appellant filed his third PCRA petition, in which he alleged that he had discovered new evidence of previously undisclosed prior convictions of Mack. Appellant filed a memorandum of law in support of his petition and the Commonwealth filed its Answer. The PCRA court issued notice of its intent to dismiss the petition as untimely and Appellant filed a response. On August 2, 2018, the PCRA court dismissed the petition.

***Commonwealth v. Thompson***, 217 A.3d 417 (Pa.Super. 2019) (non-

precedential memorandum at 1-3) (footnote omitted). On appeal, this Court

affirmed the dismissal, concluding that Appellant failed to satisfy the newly-

discovered-fact or government-interference exceptions to the PCRA's one-year time bar, as Appellant had made claims concerning Mack's criminal history on direct appeal and in his first two PCRA petitions. *Id*. (non-precedential memorandum at 5-6, 9).

On March 6, 2019, Appellant filed the petition at issue in this appeal. Therein, he claimed that he "recently became aware" that Mack had been offered "plea agreements in multiple unrelated cases," but the Commonwealth failed to divulge the information to Appellant. Petition to Unseal Cases, 3/6/20, at 2 (unnecessary capitalization omitted). Thus, Appellant again claimed that the Commonwealth committed a *Brady* violation by failing to disclose Mack's parole status or the existence of these alleged plea agreements. *Id*. Appellant further contended that the records in Mack's other cases were sealed right before Appellant's trial "because they contained relevant information that could have lessen[ed] [Appellant's] sentence." *Id*. (unnecessary capitalization omitted). Appellant asserted that the Commonwealth violated his constitutional rights to due process and equal protection, and requested that the records in three cases against Mack be unsealed.[1] *Id*. at 3.

_____

[1] The cases were filed in 1998 and 1999, and their dockets reference "sealed entries" in 2005 filed by "Migrated, Filer." *See* Petition to Unseal Cases, 3/6/20, at Appendix A. Although it does not impact our disposition, we observe that the Commonwealth explains that between 2004 and 2006, county docketing systems migrated to a statewide case management system,

The PCRA court denied Appellant's request by order of March 12, 2020. The PCRA court indicated that Appellant offered no legal justification for unsealing any documents, but rather, his "efforts to unseal Mr. Mack's criminal cases [we]re merely a fishing expedition." Order, 3/12/20, at n.2. The PCRA court further noted that it did not treat Appellant's petition as one filed pursuant to the PCRA because it did not raise grounds for PCRA relief, but even if it did, Appellant would be unable to establish a PCRA timeliness exception for any claim related to Mr. Mack's criminal history. *Id*. at n.1, n.2.

Appellant filed a timely notice of appeal. The PCRA court ordered him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and, after being granted an extension, Appellant complied. Appellant presents the following question for our consideration: "Whether the trial court abused its discretion when it denied Appellant's request to unseal cases of Commonwealth witness Richard Mack, as they contained impeachment evidence germaine [*sic*] to Appellant's case?" Appellant's brief at 8 (unnecessary capitalization omitted).

---

with newly separate secure and public dockets. *See* Commonwealth's brief at 20 n.1. Sealed entries appeared on the public docket where secure information had been listed. *Id*. at 21 n.1 (continued). The Commonwealth indicates that the sealed entries on Mack's public dockets are "nothing more than financial payment information that is available on the secured docket[s]." *Id*. It maintains that none of Mack's cases, and no documents regarding his pleas or sentencing, have been sealed at any point. *Id*. at 20.

We begin with a review of the applicable law. We apply an abuse-of-discretion standard of review to a PCRA court's denial of a discovery request. *See*, *e.g.*, *Commonwealth v. Collins*, 957 A.2d 237, 272 (Pa. 2008). "An abuse of discretion is not a mere error in judgment. Instead, it is a decision based on bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law. Moreover, we recall that the appellant has the duty to convince us an abuse occurred." *Commonwealth v. Frey*, 41 A.3d 605, 611 (Pa.Super. 2012) (internal citations omitted).

The PCRA court explained its denial of Appellant's discovery request as follows:

> Initially, we note that a *pro se* inmate has no right to production of documents relevant to his convictions for purposes of pursuing post -conviction relief where no such action is pending. From our review of the docket, there are no post-conviction actions currently pending in the above-captioned matter. Even if Mr. Mack's criminal cases were unsealed upon the order of this court, [Appellant] would not be entitled to information contained therein without initiating a fourth PCRA action, which he has not done.
>
> With the filing of his petition at issue here, [Appellant] sought to unseal the criminal cases of Richard Mack because they allegedly contain evidence that he could have used to impeach Mr. Mack's trial testimony. Because [Appellant] does not state within his petition what specific evidence he believes he will find in the sealed documents, based upon his appellate and PCRA history, we assume that [Appellant] wants to paint Mr. Mack as a habitual drug user and somehow establish that he and Mr. Mack were using drugs immediately prior to the homicide (and, therefore, [Appellant] was not in his right mind at the time of the murder). [Appellant]'s petition, however, utterly fails to establish any scintilla of likelihood that such evidence exists and that it will be found within the sealed documents in Mr. Mack's prior drug conviction cases.

[Appellant] raises the issue of Mr. Mack's parole status and the Commonwealth's alleged failure to disclose same. We note that this issue was addressed on direct appeal and [Appellant]'s first PCRA. Both the Superior Court and the PCRA court concluded that [Appellant] suffered no prejudice as the result of Mr. Mack's false testimony regarding his parole status because the Commonwealth stipulated to the fact that Mr. Mack was, indeed, on parole and the trial court gave a curative jury instruction.

[Appellant] also claims that the Commonwealth is refusing to disclose evidence that could exonerate him or reduce his sentence. Again, [Appellant] does not identify what information this may be. Instead, he simply regurgitates a similar ***Brady*** claim that has been addressed in his prior filings.

Lastly, [Appellant] asserts that he recently became aware that the District Attorney's Office offered Mr. Mack plea agreements for reduced sentences in several unrelated cases but did not disclose such information to [Appellant]. This claim is severely lacking in detail such that it cannot really be addressed here. However, simply stated, the District Attorney is not required to inform [Appellant] that it made a plea offer to Mr. Mack. [Appellant] does not claim that the offer was made in an attempt to induce Mr. Mack to offer false testimony against him. [Appellant] doesn't even claim that Mr. Mack accepted the plea offer. Thus, this argument is clearly lacking in merit.

This is a fishing expedition in its truest form. [Appellant] has not set forth any legal justification or persuasive basis for unsealing these documents. This is particularly so because the subject of Mr. Mack's criminal history has been previously addressed by this court and others *ad naseum*. Moreover, even if this court was persuaded to unseal the requested documents, and if the alleged impeachment evidence was found therein, we note that [Appellant] is simply unable to prove that Mr. Mack used drugs with him immediately prior to the killing simply because Mr. Mack may have been a habitual drug user in the late 1990s. The connection is too tenuous. Additionally, this court already addressed this particular issue in [Appellant]'s third PCRA petition.

PCRA Court Opinion, 7/1/20, at 3-5 (citations omitted).

In his brief, Appellant once again rehashes his prior claims regarding evidence with which to impeach Mack, along with a details of an NAACP police investigation in 2017, *see* Appellant's brief at 10-14; complains that he has not received "a fair trial or any collateral proceedings," *id*. at 16; raises due process claims, id. at 17-18; and asserts that the PCRA court did not have good cause to seal the records in the first place or keep them sealed. *Id*. at 21.

None of Appellant's arguments has convinced us that the PCRA court erred or abused its discretion. To the extent that Appellant's petition is solely a discovery request, the PCRA court properly declined to consider it in the absence of a pending PCRA claim. The PCRA specifically provides that "[n]o court shall have authority to entertain a request for any form of relief in anticipation of the filing of a petition under [the PCRA]." 42 Pa.C.S. § 9545(a). *See also Commonwealth v. Crider*, 735 A.2d 730, 733 (Pa.Super. 1999) ("[A] trial court, confronted only with a petition for production of documents where no action is pending, is in no position to assess a petitioner's claims to determine whether they constitute compelling reasons warranting a grant of the petitioner's petition.").

To the extent that Appellant's petition could be construed as raising his discovery requests in conjunction with substantive PCRA claims, in cases such as this one not involving the death penalty, "no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing

of exceptional circumstances." Pa.R.Crim.P. 902(E)(1). Appellant failed to offer any exceptional circumstances here. "Mere speculation that **Brady** materials may exist does not constitute a showing of exceptional circumstances as required by this rule." **Commonweatlh v. Dickerson**, 900 A.2d 407, 412 (Pa.Super. 2006).

Moreover, Appellant failed to plead and offer to prove facts that would establish an exception to the PCRA's one-year time bar and confer jurisdiction upon the PCRA court to grant him PCRA relief. **See** 42 Pa.C.S. § 9545(b). Appellant does not detail when he learned of these alleged plea offers, what efforts he took to learn them, or why he did not discover them earlier in his extensive litigation of Mack's criminal history. Rather, as summarized above, Appellant reiterates his prior claims, and complains that "[d]uring the pendency of [A]ppellant's third PCRA proceedings, [the PCRA court] in all fundamental fairness should have unsealed and released the material exculpatory impeaching evidence." Appellant's brief at 16. Yet Appellant does not explain why he did not seek these allegedly-sealed, allegedly-exculpatory or impeaching documents at that time, or at any earlier time during the decade or so the document entry was made. **See**, **e.g.**, **Commonwealth v. Shiloh**, 170 A.3d 553, 559 (Pa.Super. 2017) (noting that a pro se PCRA petitioner must both plead and prove that previously-unknown facts could not have been discovered earlier with the exercise of due diligence).

Therefore, finding no abuse of discretion, we affirm the PCRA court's order denying Appellant's petition to unseal records.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *1/14/2021*