J-S30037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EMMITT PERKINS | |
| Appellant | No. 3507 EDA 2014 |

Appeal from the PCRA Order November 27, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0736521-1985

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JUNE 04, 2015**

Emmitt Perkins, who is serving a life sentence for first degree murder, appeals from an order dismissing his third petition seeking relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  We affirm.

The factual and procedural history of this case is as follows: In June 1985, Perkins told Calvin Hill, who ran the C&L Lounge, that he believed that Deborah Highter, a bartender at the Lounge, was interfering with his relationship with Lynette "Cookie" Thrones.  Perkins told Hill to warn both women that if that did not show him proper respect, he would kill them.  On the night of July 8, 1985, Highter was working at the Lounge and heard Thrones and Perkins argue.  Perkins left, but he returned a few minutes later, pulled out a gun and fired repeatedly at Thrones.  He then grabbed Highter and tried to shoot her, but the gun did not fire.  He put the gun to her chest and again attempted to shoot her; again, the gun failed to fire.

Perkins' sister pulled him away. Thrones fled toward a nearby firehouse. Perkins caught her there and fatally shot her in the chest and back in the presence of three firefighters.

Following a bench trial, the trial court found Perkins guilty of first degree murder,[1] aggravated assault[2] and possession of an instrument of crime.[3] The court sentenced Perkins to an aggregate term of life imprisonment plus 4-10 years' imprisonment. On direct appeal, the Superior Court rejected Perkins' challenge to the sufficiency of the evidence but remanded for a hearing to determine whether trial counsel had a reasonable basis for not calling Perkins' sister as a witness. During an evidentiary hearing on February 23, 1988, the Commonwealth introduced Perkins' sister's pretrial statement incriminating Perkins. Trial counsel testified that he spoke with Perkins' sister before trial, who told him that she saw Perkins fire his gun at and chase Thrones. The court credited the Commonwealth's evidence, rejected Perkins' ineffective assistance claim and reimposed his sentence. On September 12, 1988, the Superior Court affirmed his judgment of sentence. He did not file a petition for allowance of appeal.

---

[1] 18 Pa.C.S. § 2502(a).

[2] 18 Pa.C.S. § 2702(a)(1).

[3] 18 Pa.C.S. § 907.

On June 7, 1991, Perkins filed his first PCRA petition alleging that trial counsel was ineffective for failing to call witnesses who allegedly would have testified that Perkins was intoxicated at the time of the murder. The PCRA court denied relief without a hearing. This Court affirmed, **Commonwealth v. Perkins**, 652 A.2d 409 (Pa.Super.1994) (table), and the Pennsylvania Supreme Court denied *allocatur*. **Commonwealth v. Perkins**, 655 A.2d 986 (Pa.1995).

Following the denial of a petition for writ of *habeas corpus* in federal court, Perkins filed a second PCRA petition on November 17, 2008. He voluntarily withdrew that petition on February 2, 2010.

On August 12, 2010, Perkins filed a petition for writ of *habeas corpus* in the court of common pleas alleging that: 1) he was tried for manslaughter but improperly convicted of first degree murder;[4] 2) his acquittal of possessing an instrument of crime barred his murder conviction;[5] 3) pretrial counsel was ineffective for failing to seek suppression of unspecified evidence; and 4) he was intoxicated and therefore should have been

_____

[4] Perkins is incorrect. The trial court advised Perkins at the beginning of trial that he was on trial for both first and third degree murder, and that the penalty for a first degree murder conviction was "life … in prison or death by electrocution." N.T., 2/11/86, pp. 14-15.

[5] Perkins is incorrect. The docket reflects that the court found Perkins guilty of several counts of possession of an instrument of crime but did not impose further penalty. Docket, CP-51-CR-0736521-1985, pp. 2-3.

convicted of voluntary manslaughter. The docket indicates that the *habeas corpus* motion remains pending in the court of common pleas.

On May 8, 2012, Perkins filed his third PCRA petition, repeating his claim that he was improperly convicted of an uncharged crime, and claiming that he timely raised his claim under **Martinez v. Ryan**, -- U.S. --, 132 S.Ct. 1309 (2012). The PCRA court dismissed the petition on November 17, 2014. This appeal followed.

Perkins raises three issues in this appeal:

> 1. Whether the lower court erred when it dismissed appellant's successive PCRA petition as untimely whereas as a corrective venue issues presented warranted reasonable review upon matters complained upon.
>
> 2. Whether the lower court erred when it dismissed appellant's current PCRA petition without conducting a full evidentiary hearing and appointing counsel to show cause why relief sought should not be granted.
>
> 3. The wording 'time-barred' is an over-used and abused method to dismiss meritorious out-of-time PCRA petitions.

Brief for Appellant, p. 4 (with minor grammatical revisions). We do not reach the merits of these issues, because we lack jurisdiction over this appeal due to the untimeliness of Perkins' PCRA petition.

No court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa.2003)). The PCRA provides that a petition "including a second or subsequent petition, shall be

- 4 -

filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); *accord Monaco*, 996 A.2d at 1079; ***Commonwealth v. Bretz***, 830 A.2d 1273, 1275 (Pa.Super.2003). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time bar provide for very limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); *Monaco*, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition invoking an exception to the PCRA time-bar must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Perkins' judgment of sentence became final on October 12, 1988, the final day for filing a petition for allowance of appeal with the Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (judgment is final at the conclusion of direct review or at the expiration of time for seeking review). Perkins did not file the present PCRA petition until May 2012, over 23 years later. Therefore, his petition is untimely on its face.[6]

Perkins does not satisfy any of the three exceptions to the one year statute of limitations. His PCRA petition did not allege governmental interference, newly discovered evidence, or retroactive application of a constitutional right. The thrust of this disjointed petition is that Perkins was tried improperly for murder instead of manslaughter, which not only is factually incorrect, *see* n. 4, *supra*, but does not fit within any of the three exceptions to the statute of limitations.

Perkins suggests that his petition is timely because it was filed within sixty days of the Supreme Court's decision in *Martinez v. Ryan*, -- U.S. --,

_____

[6] For the sake of completeness, we observe that "[a] petition where the judgment of sentence became final before the effective date of the [1995] amendments [to the PCRA] shall be deemed timely if the petitioner's first petition was filed within one year of the effective date of the [1995] amendments [to the PCRA]." *Commonwealth v. Thomas*, 718 A.2d 326, 328 (Pa.Super.1998); Act of November 17, 1995, P.L. 1118, No. 32 (Spec. Sess. No. 1), § 3(1). "Because the effective date of the amendments is January 16 1996, the operative deadline for first-time PCRA petitions is January 16, 1997." *Commonwealth v. Crider*, 735 A.2d 730, 732 (Pa.Super.1999) (citations omitted). These precepts do not apply to Perkins, because he filed his first PCRA petition in 1991, prior to the January 1996 amendments to the PCRA.

132 S.Ct. 1309 (2012) (petitioner was entitled to seek federal *habeas corpus* relief based on ineffectiveness of postconviction counsel). We have held, however, that **Martinez** does not control whether petitions are timely filed under the PCRA. **Commonwealth v. Saunders**, 60 A.3d 162, 165 (Pa.Super.2013) ("while **Martinez** represents a significant development in federal habeas corpus law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA").[7]

Perkins' PCRA petition is untimely, and he has not established any exception to the PCRA time bar. Accordingly, we lack jurisdiction to address his petition, and we affirm the order dismissing his petition.

Order affirmed.

President Judge Emeritus Ford Elliott joins in the memorandum.

President Judge Gantman concurs in the result.

---

[7] We add, as an academic observation, that we might lack jurisdiction because Perkins' *habeas corpus* petition remains undecided in the court of common pleas. It is well-settled that a subsequent PCRA petition cannot be filed until the resolution of a pending PCRA petition by the highest state court in which review is sought. **Commonwealth v. Ligons**, 971 A.2d 1125, 1140 (Pa.2009). Analogously, the law might also prohibit a subsequent PCRA petition until the resolution of any pending *habeas corpus* petition -- although we know of no case that addresses this question. We need not address it here, because we have already determined that we lack jurisdiction for the other reasons provided above.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/4/2015