J-S11020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEVIN F. JOHNSON | |
| Appellant | No. 1368 EDA 2017 |

Appeal from the PCRA Order entered March 3, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-1108001-1986

BEFORE:  OTT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 21, 2018**

Appellant, Kevin F. Johnson, appeals from the March 3, 2017 order entered in the Court of Common Pleas of Philadelphia, denying his second petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Following review, we affirm.

The PCRA court summarized the underlying facts as follows:

> In October 1986, the decedent in this matter, Lyndon "Cowboy" Morris was selling drugs from a second floor bedroom that he rented from Opal Nickson.  The decedent was assisted by James Smith, who was the doorman.  Smith would run money up to the decedent and cocaine down to the buyers.

> On the night of the incident, Nickson, [Elisha] Bennett, James Smith and Angelo Smith were smoking marijuana and using cocaine in a second floor bedroom when James Smith went downstairs to answer a knock at the front door.  Upon answering the door, Smith encountered [Appellant] who was armed with a black revolver, and his cohort, who was armed with a sawed-off

shotgun. [Appellant] pointed his gun at Smith's head and his cohort shoved the shotgun into Smith's back. The gunmen demanded that Smith get Morris to open the front bedroom door where Morris was located. When the men reached the second floor, [Appellant] proceeded to the back bedroom where he pointed his gun and ordered Nickson, Bennett, and Angelo Smith to lie down on the floor. Both Nickson and James Smith recognized [Appellant] from the neighborhood. Smith tried to get Morris to open the door to no avail. The male holding the shotgun began kicking the door and Morris then opened it slightly. [Appellant's] cohort fired his weapon through the open door and struck Morris in the lower abdomen. [Appellant] then came running down the hall and repeatedly fired his gun into the bedroom, striking the decedent in the chest. [Appellant] then entered the bedroom, took decedent's money and drugs and both men fled the scene.

At trial, James Smith, Nickson, and Bennett each identified [Appellant] as the male holding the revolver. James Smith knew [Appellant] from seeing him around the neighborhood. Nickson also knew [Appellant] from the neighborhood and had seen him earlier on the day of the shooting when he pulled his car over to speak to a neighbor she was sitting with outside. Bennett was also familiar with [Appellant] from seeing him around the neighborhood.

Angelo Smith failed to appear at trial and the Commonwealth requested a bench warrant. [Appellant] presented numerous alibi witnesses who testified that they saw [Appellant] at various times throughout the night of the murder selling clothes with another male out of the trunk of a car in different areas in West Philadelphia. [Appellant] testified detailing his timeline throughout the night and the individuals he came in contact with at each location.

PCRA Court Opinion, 5/22/17, at 4-5. The PCRA court also provided the procedural history of the case that included relevant dates we summarize here. *See id.* at 1-2.

On February 4, 1988, following a bench trial, Appellant was convicted of first-degree murder. He was sentenced to life without the possibility of parole

- 2 -

on July 1, 1988. This Court affirmed his judgment of sentence on March 4, 1992, and our Supreme Court denied his petition for allowance of appeal on September 30, 1992.

On December 23, 1996, Appellant filed a timely first PCRA petition.[1] Following an evidentiary hearing, the PCRA court denied the petition on July 15, 2009. On June 27, 2011, a panel of this Court reversed the PCRA court's decision, vacated Appellant's judgment of sentence, and remanded for a new trial. The Commonwealth filed a petition for reargument *en banc*, which was granted on July 11, 2011. On August 15, 2012, this Court reversed the panel's decision and affirmed the July 15, 2009 order of the PCRA court denying Appellant's petition. *Commonwealth v. Johnson*, 51 A.3d 237 (Pa. Super.

---

[1] As this Court explained in *Commonwealth v. Voss*, 838 A.2d 795 (Pa. Super. 2003):

> "A petition where the judgment of sentence became final before the effective date of the 1995 amendments to the PCRA shall be deemed timely if the petitioner's first petition was filed within one year of the effective date of the 1995 amendments to the PCRA." *Commonwealth v. Thomas*, 718 A.2d 326, 328 (Pa. Super. 1998); Act of November 17, 1995, P.L. 1118, No. 32 (Spec. Sess. No. 1), § 3(1). "Because the effective date of the amendments is January 16, 1996, the operative deadline for first-time PCRA petitions is January 16, 1997." *Commonwealth v. Crider,* 735 A.2d 730, 732 (Pa. Super. 1999) (citations omitted).

*Id.* at 799 (brackets omitted). Therefore, Appellant's December 23, 1996 petition was timely filed.

2012) (*en banc*). Our Supreme Court denied Appellant's petition for allowance of appeal on April 3, 2013.

On July 2, 2014, Appellant filed his second PCRA petition, which is the subject of this appeal. On January 21, 2016, the Pennsylvania Innocence Project filed an amended petition on Appellant's behalf.

On June 22, 2016, the Commonwealth filed a motion to dismiss Appellant's amended petition. On March 6, 2017, the PCRA court dismissed the petition without a hearing.[2] This timely appeal following. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Our scope and standard of review is well-settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

**Commonwealth v. Reyes-Rodrigues**, 111 A.3d 775, 779 (Pa. Super. 2015) (internal citations and quotations omitted).

---

[2] Although not included in the PCRA court's procedural summary, we note that Appellant filed a response to the Commonwealth's motion to dismiss. On January 19, 2017, the PCRA court gave notice pursuant to Pa.R.Crim.P. 907 of its intention to dismiss the petition without a hearing.

In his Rule 1925(b) statement of errors complained of, Appellant raised fourteen errors. In his brief filed with this Court, he condenses those claimed errors into three issues as follows:

I.   **Evidentiary Hearing.**  Whether the PCRA court erred in dismissing [Appellant's] PCRA petition without holding an evidentiary hearing where:

   a. The dismissal was based on the PCRA court's presumption that a convicted defendant claiming innocence is on notice of the potential for new evidence from the time of his trial, a presumption contrary to precedent from this Court and the Pennsylvania Supreme Court; and

   b. [Appellant] presented issues of material fact as to his decades-long diligence in uncovering new facts and evidence of government interference?

II.  **Actual Innocence.**  Whether [Appellant's] credible claim of actual innocence acts a gateway to overcome procedural bars and allow a decision on the merits of his claim?

III. **Interpretation of the Government Interference Exception to the PCRA's Time Bar.**[2]  Are the Pennsylvania Supreme Court's decisions importing a due diligence inquiry into the governmental interference exception to the PCRA's one-year time for filing claims wrongly decided?

   [2] [Appellant] acknowledges this Court is constrained from overturning this precedent. This issue is raised for purposes of preservation for any further appeal.

Appellant's Brief at 4-5.

Before we may entertain the merits of Appellant's issues, we must consider whether we have jurisdiction to do so. "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this

- 5 -

Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. **See Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008) (consideration of **Brady**[3] claim separate from consideration of its timeliness).

As required by 42 Pa.C.S.A § 9545(b), any PCRA petition, including a second or subsequent petition, must be filed within a year of the time the petitioner's judgment of sentence becomes final, unless the petition alleges and the petitioner proves one of three exceptions. As noted above, our Supreme Court denied Appellant's petition for allowance of appeal on September 30, 1992. Because he did not seek certiorari from the United States Supreme Court, his judgment of sentence was final ninety days later, on December 29, 1992. U.S.Sup.Ct.R. 13. Therefore, because this is Appellant's second petition, to be timely, Appellant had to file his petition on or before December 29, 1993. This petition was filed on July 2, 2014, more than twenty years after his judgment of sentence became final. Therefore, the petition is patently untimely and we may not consider it unless Appellant

---

[3] **Brady v. Maryland**, 373 U.S. 83 (1963).

has presented and proved an exception to the PCRA's timeliness requirement. 42 Pa.C.S.A. § 9545(b)(1).

Here, Appellant contends his petition is timely in light of the newly-discovered facts exception or the governmental interference exception. 42 Pa.C.S.A. § 9545(b)(1)(ii), (i). In either instance, the petition must have been filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

As the PCRA court recognized, to be granted a new trial based on newly-discovered facts, a petitioner must demonstrate that facts upon which the claim is based were unknown to the petitioner and could not have been ascertained by exercising due diligence. PCRA Court Opinion, 5/22/17, at 8 (citing 42 PaC.S.A. § 9545(b)(1)(ii)). The PCRA court explained:

> Due diligence demands that the defendant take reasonable efforts under the particular circumstances to uncover facts that may support his claim for collateral relief. A due diligence requirement is fact sensitive and dependent upon the circumstances present. A defendant cannot claim he has discovered new evidence simply because he had not been expressly told of that evidence. **Commonwealth v. Padillas**, 997 A.2d 356, 364 (Pa. Super. 2010. Likewise, a defendant who fails to question or investigate an obvious, available source of information cannot later claim that evidence from that source constitutes newly discovered evidence. **Id.**

**Id.** at 9 (citations omitted).

Appellant claims newly-discovered facts in the form of statements obtained in 2014 from four witnesses, three of whom identified Appellant at trial as the individual with the revolver on the night of the October 1986

shooting. In those four statements, the witnesses recanted their pre-trial statements and their trial testimony, claiming they were coerced by investigators to identify Appellant or face various consequences. However, one of those witnesses, James Smith, had already recanted his testimony in an affidavit obtained in 2001, a portion of which we repeat here verbatim:

> While I was at the police station one of the detective showed me a couple of photographs. He told me that everyone else had pick one of photographs as one of the robbers who killed cowboy. I went along with picking that photograph out too because the detective told me if I didn't pick out one of these picture I would be going to jail for murder. That is why I did it. After that I went to testify at the trial. At the trial I identify Kevin Johnson as the man who had the pistol. I really could not recognize kevin as being the person who had the ~~shotgun~~ pistol but I said it away. By then cowboy brother had threaten my life. I can't say that I didn't have a chance to tell the police that it was not kevin, I just went along with it because they told me that every one else did.

*Id.* at Exhibit "D" (Affidavit of James Smith, 8/7/01, at 1).

As the PCRA court observed:

> The argument at trial in this case was a misidentification based on suggestion and coercion by police. [Appellant] was on notice prior to trial that there were four identification witnesses. Since this incident occurred in a drug house, the defense theory at trial was that the witnesses were fearful of prosecution and went along with suggestive identifications. This is not new information to [Appellant]. Certainly, a reasonable investigation in the close to three decades since this murder could have uncovered these newly made recantations and allegations of coercion sooner. At the very least, [Appellant] knew of this new version of events as of August 2001 when James Smith gave his first recantation alleging police coercion during the investigation. Clearly, as of that date [Appellant] was on notice that he should investigate the other eyewitnesses from trial. In fact, one of the clams in [Appellant's] current petition is that prior PCRA counsel was ineffective for failing to interview Opal Nickson, [Elisha] Bennett,

and Angelo Smith when counsel learned of the police misconduct set forth in James Smith's recantation of August 7, 2001.

Nickson, Bennett, and Smith all indicate in their affidavits that they would have been willing to recant sooner had someone reached out to them.

*Id.* at 10. *See* Exhibits "A"-"C" (Affidavits of Angelo Smith, Elisha Bennett, and Opal Nickson, respectively).

We agree with the PCRA court's findings. While Appellant challenges the PCRA court's findings as invoking a "notice presumption" going back to the time of trial, we find any such characterization unwarranted here. We note in particular that James Smith indicated in his 2001 affidavit that he was told the other witnesses had all identified Appellant. Certainly, interviewing the other witnesses at that time to determine whether they were similarly "coerced" was warranted, and information could have been sought from those witnesses with reasonable diligence. As the PCRA court recognized, "a defendant who fails to investigate an obvious, available source of information cannot later claim that evidence from that source constitutes newly discovered evidence." PCRA Court Opinion, 5/22/17, at 9 (citing *Commonwealth v. Padillas*, 997 A2d 356, 364 (Pa. Super. 2010)). Finding no merit to Appellant's claim of newly-discovered facts, notwithstanding Appellant's

detailed summary of his decades-long attempts at self-exoneration,[4] we reject his assertion that his PCRA petition is saved under that exception.[5]

In the second part of his first issue, Appellant suggests his petition is saved from the PCRA's time bar based on the governmental interference exception. 42 Pa.C.S.A. § 9545(b)(1)(i). As the PCRA court observed, Appellant's claim is based on his assertion that "the Commonwealth failed to disclose that police pressured the eyewitnesses to cooperate and suppressed pieces of exculpatory and impeachment evidence." PCRA Court Opinion, 5/22/17, at 13. The court then identifies three *Brady* violations raised by Appellant[6] and notes that, while a *Brady* violation may fall within the

---

[4] *See* Appellant's Brief, Exhibit 4.

[5] We also agree with the PCRA court's rejection of "PCRA counsel ineffectiveness" as a newly-discovered fact. *See* PCRA Court Opinion, 5/22/17, at 11-12 (citing *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000) (previous counsel ineffectiveness "is not the type of after-discovered evidence encompassed by the exception"). *See also Commonwealth v. Edmiston*, 65 A.3d 339, 349 (Pa. 2013) (citing *Commonwealth v. Lesko*, 15 A.3d 345, 367 (Pa. 2011) ("[I]t is well established that the fact that a petitioner's claims are couched in terms of ineffectiveness will not save an otherwise untimely petition from the application of the time restrictions of the PCRA.").

[6] The three alleged violations related to Angelo Smith's failure to identify Appellant in the courtroom and being excused without testifying; Opal Nickson's statements to police that that assailant has darker skin than Appellant; and James Smith's statement to the prosecutor that he had no knowledge of some of the information in his second statement and was unsure of his identification of Appellant's photograph. PCRA Court Opinion, 5/22/17, at 13. The PCRA court noted, however, that James Smith identified Appellant in the courtroom. *Id.* at n. 4.

governmental interference exception to the PCRA's time bar, the petitioner must prove that the information in support of the claim "could not have been obtained earlier with the exercise of due diligence." *Id.* (quoting *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008)). Because Appellant failed to prove the information could not have been obtained with the exercise of due diligence, and in particular could not have been investigated after James Smith gave his 2001 statement claiming coercion, Appellant's reliance on the governmental interference exception "fails for the same reason as his 'new fact' claim." *Id.* Again, the PCRA's time limitations are jurisdictional and consideration of a *Brady* claim is separate from consideration of its timeliness. *Stokes*, 959 A.2d at 310 (citing *Abu-Jamal*, 941 A.2d at 1268) (merits of underlying *Brady* claim not relevant to resolving timeliness issue under either § 9545(b)(1)(i) **or** (ii)).

We find no error of law in the PCRA court's disposition of Appellant's newly-discovered facts exception or his governmental interference exception. Further, we find no abuse of discretion in the PCRA court's dismissal of Appellant's petition without an evidentiary hearing. "With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (citing *Commonwealth v. Reid*, 99 A.3d 470, 485 (Pa. 2014)). *See also*

- 11 -

*Commonwealth v. Johnson*, 945 A.2d 185, 188 (Pa. Super. 2008) (PCRA court may decline hearing if there is no genuine issue concerning a material fact, petitioner is not entitled to PCRA relief, and no purpose would be served by conducting further proceedings). In light of Appellant's failure to prove an exception to the PCRA's time bar, depriving the PCRA court of jurisdiction to consider the merits of Appellant's claims, there was no reason to hold an evidentiary hearing. Appellant's first issue fails.

In his second issue, Appellant asserts that his claim of actual innocence "acts as a gateway to overcome procedural bars and allow a decision on the merits of his claims[.]" Appellant's Brief at 5. This Court rejected the same argument in *Commonwealth v. Brown*, 143 A.3d 418 (Pa. Super. 2016). In *Brown*, we acknowledged the United States Supreme Court's holding that petitioners asserting a convincing actual innocence claim may invoke a miscarriage of justice exception to overcome a federal *habeas corpus* statute of limitations. However, the holdings in *habeas corpus* cases are irrelevant to our construction of the plain language of the PCRA's timeliness provisions. *Id.* at 420-21. Appellant's second issue lacks merit.

Appellant presents a third issue in his brief, challenging our Supreme Court's decisions regarding due diligence in claims of governmental interference under the PCRA. Appellant's Brief at 5. Appellant acknowledges that this Court "is constrained from overruling this precedent." *Id.* at n. 2. Therefore, no discussion is warranted.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/21/18