J-S33028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VINCENT DAVIS A/K/A TERRELL STRONG | : | |
| | : | No. 1195 EDA 2021 |
| Appellant | : | |

Appeal from the PCRA Order Entered June 2, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0636011-1990

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:                **FILED DECEMBER 30, 2021**

Appellant Vincent Davis a/k/a Terrell Strong appeals *pro se* from the order dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act[1] (PCRA).  Appellant asserts that he satisfied the newly discovered facts exception to the PCRA's time bar and that his petition should be deemed timely filed.  We affirm.

A prior panel of our Court provided the relevant background in this case as follows:

> On November 6, 1991, the trial court convicted Appellant of first-degree murder and possessing instruments of crime ("PIC").[2] The court sentenced Appellant on June 8, 1993, to life imprisonment for murder and a concurrent term of 2½-5 years' imprisonment for PIC.  This Court affirmed Appellant's judgment

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2502(a), and 907(b), respectively.

of sentence on March 15, 1994, and our Supreme Court denied allowance of appeal on August 16, 1994. **See Commonwealth v. Davis**, 644 A.2d 804 (Pa. Super. 1994), *appeal denied*, 538 Pa. 641, 647 A.2d 896 (1994).

Appellant timely filed his first *pro se* PCRA petition on February 9, 1995. The [PCRA] court appointed counsel, who subsequently filed amended PCRA petitions. Following a hearing, the [PCRA] court denied PCRA relief on April 12, 1996. This Court affirmed the denial of PCRA relief on June 2, 1997. **See Commonwealth v. Davis**, 700 A.2d 1023 (Pa. Super. 1997). On October 1, 2013, Appellant filed the current *pro se* prayer for relief, styled as a petition for writ of *habeas corpus*. The [PCRA] court treated Appellant's filing as a PCRA petition and issued notice [of intent to dismiss without a hearing pursuant to] Pa.R.Crim.P. 907 on March 17, 2016. On May 18, 2016, the [PCRA] court denied PCRA relief. Appellant timely filed a *pro se* notice of appeal on May 24, 2016. . . .

**Commonwealth v. Davis**, 1814 EDA 2016, 2017 WL 2980192, at *1 (Pa. Super. filed July 13, 2017) (unpublished judgment order) (footnote omitted). On July 13, 2017, this Court affirmed the order dismissing Appellant's second PCRA petition. **Id.** at *2. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on January 9, 2018, **Commonwealth v. Davis**, 178 A.3d 734 (Pa. 2018), and the United States Supreme Court denied Appellant's petition for writ of *certiorari* on April 16, 2018, and denied Appellant's petition for a rehearing on August 24, 2018. **Davis v. Pennsylvania**, 138 S.Ct. 1562 (2018), *reh'g den.*, 139 S.Ct. 47 (2018).

Meanwhile, on June 15, 2018, Appellant filed a *pro se* third PCRA petition. Appellant asserted that he recently discovered from another inmate that his trial counsel had a potential conflict of interest based on counsel's work history and his role as Chief Counsel for the Fraternal Order of Police

(FOP). Specifically, Appellant contended that on April 18, 2018, another inmate stated that he "had a vague recollection" that Appellant's trial counsel had been admonished for representing criminal defendants and the FOP, and that there was an article in the Philadelphia Daily News about this admonishment in either 1995 or 1996. Third PCRA Pet., 6/15/18, at 3.

On April 24, 2019, the PCRA court provided Appellant notice of its intent to dismiss Appellant's third PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court's April 24, 2019 Rule 907 notice stated that the PCRA court would dismiss Appellant's third PCRA petition in twenty days.

However, prior to the expiration of the twenty-days and the entry of an order dismissing Appellant's third PCRA petition, Appellant filed an appeal to this Court on May 2, 2019. On January 2, 2020, our Court filed an order directing Appellant to show cause why the appeal should not be dismissed as interlocutory as there was no final order. Appellant filed a response on January 15, 2020, and this Court quashed Appellant's interlocutory appeal on January 27, 2020. Order, 1349 EDA 2020, 1/27/20.

On June 2, 2021, the PCRA court sent Appellant a correspondence reminding him that on April 24, 2019, the PCRA court had previously provided notice pursuant to Rule 907 of its intent to dismiss Appellant's third PCRA petition.[3] Attached to the June 2, 2021 correspondence was an order denying

---

[3] On April 2, 2021, although there was still no order disposing of Appellant's third PCRA petition, Appellant filed a petition for writ of *habeas corpus*. We
*(Footnote Continued Next Page)*

Appellant's third PCRA petition dated that same day. The docket reflects that the trial court entered and served the order dismissing Appellant's third PCRA petition on June 2, 2021, as well. Thereafter, Appellant filed a timely notice of appeal from the June 2, 2021 order that was docketed on June 11, 2021.

Appellant presents the following issue on appeal:

> Whether the operative facts where [sic] unknown to the Appellant or could have ascertained by the exercise of due diligence in accordance with 42 Pa.C.S. § 9545(b)(1)(ii)?

Appellant's Brief at 3.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is

_____

point out that when Appellant filed his April 2, 2021 petition, his third PCRA petition remained pending as there was no final order disposing of it. Accordingly, Appellant's April 2, 2021 petition was not properly before the PCRA court. *See Commonwealth v. Montgomery*, 181 A.3d 359, 363 (Pa. Super. 2018) (stating that "a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review" (citation and quotation marks omitted)). Indeed, in its June 2, 2021 correspondence, the PCRA court reiterated that it had previously notified Appellant of its intent to dismiss his third PCRA petition without a hearing. Because the April 2, 2021 petition was premature and not properly before the PCRA court, the June 2, 2021 order was responsive to and dispositive of the June 15, 2018 third PCRA petition only. Additionally, we note that on December 2, 2021, Appellant filed a motion for extension of time to file a reply brief. In the motion, Appellant states that the order on appeal is the order disposing of Appellant's third PCRA petition, and he seeks to address this issue in a reply brief. Because we agree with Appellant that the order on appeal is the order denying Appellant's third PCRA petition, there is no need for a reply brief. Accordingly, Appellant's motion is DENIED as moot. With this procedural posture in mind, we proceed with a review of the PCRA court's decision to dismiss Appellant's third PCRA petition.

supported by the record and free of legal error." ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted and formatting altered). As noted above, the issue presented here is Appellant's claim that his third PCRA petition should be considered timely. The PCRA's timeliness requirements are jurisdictional; we may not address the merits of issues raised in untimely petitions. ***See Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014).

"A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." ***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. ***See id.*** at 17. However, courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. **See** 42 Pa.C.S. § 9545(b)(2).[4] It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

As noted above, Appellant has filed numerous PCRA petitions, and the petition underlying the instant appeal is Appellant's third PCRA petition. It is undisputed that Appellant's third PCRA petition, which was filed on June 15, 2018, is facially untimely.[5] However, as stated, Appellant argues that he

_____

[4] On October 24, 2018, the General Assembly amended section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018.

[5] Instantly, Appellant's judgment of sentence became final on November 14, 1994, ninety days after the time expired for Appellant to file a petition for writ of *certiorari* following the Supreme Court of Pennsylvania's August 16, 1994 denial of Appellant's petition for allowance of appeal. **See Davis**, 644 A.2d 896; **see also** U.S. Sup. Ct. R. 13 (providing that a petition for writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed within ninety days after the entry of the order denying discretionary review). However, we point out that a petitioner whose judgment of sentence became final on or before the effective date of the 1995 PCRA amendments on January 16, 1996, falls within a grace period and is deemed to have filed a timely petition if the petitioner's first PCRA petition was filed within one year of the effective date of the amendments; *i.e.*, no later than January 16, 1997. **See Commonwealth v. Crider**, 735 A.2d 730, 732 (Pa. Super. 1999) (citation omitted). Because the present PCRA petition is Appellant's third, and it was filed after January 16, 1997, Appellant cannot benefit from the grace period.

established the newly discovered facts exception to the PCRA's time bar pursuant to 42 Pa.C.S. § 9545(b)(1)(ii). We disagree.

Appellant claims that in April of 2018, he learned that his trial counsel had an alleged conflict of interest. Appellant's Brief at 5. Appellant asserts that through another inmate and a Google search, he was informed that trial counsel served as an Assistant District Attorney from 1978 through 1985, as a Senior Supervising District Attorney from 1987 through 1990, and as Chief Counsel to the Fraternal Order of Police from 1990 through 1993. *Id.* at 5-8. Appellant contends that trial counsel's other duties created a conflict of interest between trial counsel and Appellant. *Id.* at 8. Appellant points out that pursuant to ***Commonwealth v. Burton***, 158 A.3d 618 (Pa. 2017), "[t]he presumption that information which is of public record cannot be deemed unknown for purposes of . . . 42 Pa.C.S. § 9545(b)(1)(ii), does not apply to *pro se* prisoner petitions[.]" ***Id.***

Indeed, the ***Burton*** Court reasoned that a *pro se* inmate cannot be presumed to have access to public records and that by virtue of being an inmate, his access to public records is diminished. ***Burton***, 158 A.3d at 638. However, the ***Burton*** court did not state that a *pro se* prisoner is presumed to have no access to public records. Rather, a *pro se* prisoner pursuing relief under the PCRA must still plead and prove that the facts supporting his claim were unknown to him, and that he could not have discovered the facts earlier through the exercise of due diligence:

Accordingly, consistent with the statutory language, in determining whether a petitioner qualifies for the exception to the PCRA's time requirements pursuant to subsection 9545(b)(1)(ii), the PCRA court must first determine whether the facts upon which the claim is predicated were unknown to the petitioner. In some cases, this may require a hearing. After the PCRA court makes a determination as to the petitioner's knowledge, it should then proceed to consider whether, if the facts were unknown to the petitioner, the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records.

*Id.* (footnote and quotation marks omitted).[6]

The PCRA court addressed Appellant's claim of newly discovered facts,

in relevant part, as follows:

[Appellant] failed to demonstrate that his attorney's professional experience was previously unascertainable with the exercise of due diligence. According to [Appellant], on April 27, 2018 he asked a friend to "Google" [trial counsel's] biography. *See* [Third PCRA Pet., 6/5/18,] at 3. [Appellant] received [trial counsel's] biography that same day [(April 27, 2018)]. *See id.* Given the ease with which [Appellant] was able to obtain this information, he has not met his burden to show that he could not have obtained [trial counsel's] biography sooner. Therefore, [Appellant] has failed to invoke an exception, and the order dismissing his petition should be affirmed.

PCRA Ct. Op., 6/2/21, at 2.

After review, we agree with the PCRA court's conclusion that Appellant

failed to establish that through the exercise of due diligence, he could not have

---

[6] *See also Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020). In *Small*, our Supreme Court applied the holding from *Burton* and noted that the public record presumption does not apply to *pro se* inmates. *Small*, 238 A.3d at 1271. The *Small* Court stated that if the PCRA court concludes that the facts were unknown, then the PCRA court must next determine whether "the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records." *Id.* at 1282.

obtained trial counsel's biographical information sooner. Trial counsel's relevant biography could have been discovered at the time he began representing Appellant. We are cognizant that Appellant states that he never thought to research trial counsel's biography for a conflict of interest. Appellant's Brief at 9. However, we cannot conclude that Appellant's decision to vet trial counsel for a possible conflict of interest and to investigate a newspaper article from 1995 or 1996, was reasonable decades after his trial. *See Commonwealth v. Diggs*, 220 A.3d 1112, 1117 (Pa. Super. 2019) (stating, "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests and explain why he could not have learned the new facts earlier with the exercise of due diligence" (citation omitted)). Appellant's access to public records was not an insurmountable barrier to trial counsel's biography as the information Appellant obtained in 2018 was readily available with due diligence. As Appellant pointed out, trial counsel's biography was gathered through a simple Google search, and a reasonable investigation in the decades prior to filing the third PCRA petition could have revealed trial counsel's work history.

For these reasons, we discern no error of law in the PCRA court's conclusion that Appellant's PCRA petition was untimely, and Appellant failed to establish any exception to the PCRA's time bar. Accordingly, we affirm the order denying Appellant's third PCRA petition.

Motion to file reply brief denied as moot. Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *12/30/2021*