J-S14045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLINTON REED KUHLMAN | : | |
| | : | |
| Appellant | : | No. 1434 WDA 2021 |

Appeal from the PCRA Order Entered November 1, 2021
In the Court of Common Pleas of Beaver County Criminal Division at
No(s):  CP-04-CR-0001026-2014

BEFORE:  McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED: MAY 9, 2022**

Clinton Reed Kuhlman (Kuhlman) appeals from the November 1, 2021 order of the Court of Common Pleas of Beaver County (PCRA court) dismissing as untimely his petition pursuant to the Post-Conviction Relief Act (PCRA).[1] We affirm.

In 2015, Kuhlman was convicted following a jury trial of five counts of distribution of child pornography, ten counts of possession of child pornography, and one count of criminal use of a communications facility.[2] He was sentenced to one year less one day to two years less two days'

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541 *et seq*.

[2] 18 Pa.C.S. §§ 6312(c)(1), 6312(d)(1) & 7512(a).

imprisonment followed by 10 years of probation. This Court affirmed the judgment of sentence and he did not seek further review. **See Commonwealth v. Kuhlman**, 753 WDA 2016, at *9 (Pa. Super. March 17, 2017) (unpublished memorandum).

In February 2020, the Commonwealth petitioned for a hearing regarding whether Kuhlman was in technical violation of his probation.[3] Kuhlman was represented at the hearing by Attorney Simone Temple (Attorney Temple) from the Beaver County Public Defender's Office. Kuhlman stipulated to violating probation and was resentenced on April 22, 2020, to 30 to 60 months' incarceration. The hearing and resentencing took place via video conference due to the COVID-19 pandemic. Kuhlman did not appeal. By court rule, Attorney Temple's representation of Kuhlman ended at this time. Pa. R. Crim. P. 122(B)(2).

In December 2020, Kuhlman wrote a letter to the court requesting copies of the transcripts from his case. The clerk of courts forwarded the letter to Attorney Temple pursuant to Pa. R. Crim. P. 576(A)(4), as she was still listed as the attorney of record in the case. In February 2021, Kuhlman again wrote to the court and specifically requested the transcript from his probation

---

[3] The petition alleged that Kuhlman had failed to comply with sentencing conditions; failed to enroll in and complete sex offender treatment; owned, possessed or viewed sexually explicit material; had unapproved internet access; did not make payments on fines and court costs; and had violated unspecified special conditions of sex offender treatment and probation.

violation and resentencing hearing. The letter was again forwarded to Attorney Temple. In March 2021, Kuhlman wrote again requesting this transcript, and again the letter was forwarded to Attorney Temple.

In May 2021, Kuhlman sent another letter requesting the transcript of the violation hearing which stated that he had not received any response from Attorney Temple to his previous letters. For the first time, he stated that he needed the transcript to prepare a PCRA petition. The letter was forwarded to Attorney Temple. In July 2021, he next filed a *pro se* Motion to Compel the Surrender of Appellant's Case File and Related Documents for Purposes of Appeal (motion to compel) requesting copies of all transcripts and other documents related to his case so that he could prepare a PCRA petition. He asserted that he was proceeding *pro se* going forward. The motion to compel was again forwarded to Attorney Temple. Other than requesting the transcripts, none of those letters requested any PCRA relief.

Finally, on July 16, 2021,[4] Kuhlman filed the instant petition. Regarding timeliness, he asserted that he met the exception to the jurisdictional time-bar for a newly-recognized constitutional right: "Petitioner has a constitutional right to file a[] Direct Appeal Nunc Pro Tunc, due to his counsel's

_____

[4] This is the date on the certificate of service Kuhlman attached to his petition, which we consider the date of filing under the prisoner mailbox rule. ***See Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa. Super. 2011); Pa. R.A.P. 121(a). The petition was docketed on July 22, 2021.

failure to file a[] direct Appeal as requested." Petition, 7/22/21, at 3 (citing 42 Pa.C.S. § 9545(b)(1)(iii)). He argued that he was eligible for relief based on a violation of the constitution, ineffective assistance of counsel and because his plea was unlawfully induced. He contended that Attorney Temple induced him to plead guilty to the violations despite his innocence, and that she failed to file his requested direct appeal. He sought reinstatement of his direct appeal rights from the probation violation sentence or the right to withdraw his stipulation to the violations. The petition was forwarded to Attorney Temple.

In August 2021, Kuhlman refiled his motion to compel with an additional hand-written notation that Attorney Temple had informed him that she no longer represented him. The clerk of courts forwarded it to Attorney Temple, who then filed a motion to withdraw and for appointment of conflict counsel. The trial court reviewed the *pro se* PCRA petition, determined that it was Kuhlman's first, and appointed counsel.

PCRA counsel subsequently filed a **Turner**/**Finley**[5] no-merit letter opining that Kuhlman's petition was untimely and no exception to the time-bar applied. PCRA counsel noted, "[b]ecause of the manner in which probation violation hearings are held, there is no transcript of the proceedings,

---

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

therefore, there were no additional documents necessary in order for Mr. Kuhlman to file a timely PCRA petition." No-Merit Letter, 10/1/21, at 4.

The PCRA court granted PCRA counsel's request to withdraw and issued a notice of its intent to dismiss the petition without a hearing. Kuhlman filed a response to the notice arguing for the first time that his petition was timely under the exception for government interference because the PCRA court and clerk of courts had interfered with his ability to file a timely petition. He attached a letter from Attorney Temple dated May 17, 2021, which stated, "[T]ranscripts were never ordered for your probation violation hearing on April 22, 2020 because we ceased to represent you after the appeal period had run." Response to Notice of Intent to Dismiss, 10/22/21, Exhibit 7. She wrote that she did not hear from Kuhlman until well after the appeal deadline and that he could file a *pro se* petition without the transcript and amend once he received it. The PCRA court subsequently dismissed the petition and Kuhlman timely appealed. The PCRA court did not order Kuhlman to file a concise statement pursuant to Pa. R.A.P. 1925(b) and refers to its November 1, 2021 opinion as the rationale in support of the order dismissing the petition.

Before considering the merits of Kuhlman's claim, we must determine whether his petition is timely in accordance with the PCRA's jurisdictional time-

bar.[6] "A PCRA petition, including a second and subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." **Commonwealth v. Graves**, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citation omitted). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Kuhlman's probation violation sentence was imposed on April 22, 2020, and he did not file a direct appeal.[7] As a result, his judgment of sentence became final on May 22, 2020, when the period of time for filing a direct appeal expired, and he had one year from that date to file a timely petition. **See** Pa. R.A.P. 903(a). His July 16, 2021 petition is facially untimely and he must plead and prove one of the three exceptions to the PCRA's jurisdictional time-bar: (1) government interference with the presentation of the claim; (2)

---

[6] Whether a PCRA petition is timely filed is a question of law over which our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

[7] Kuhlman's petition only raised issues related to his probation revocation proceedings and sentence. Accordingly, the time for filing a PCRA petition ran from the conclusion of direct review of his revocation sentence, not his original judgment of sentence. **Commonwealth v. Anderson**, 788 A.2d 1019, 1021 (Pa. Super. 2001) ("[W]here a new sentence is imposed at a probation revocation hearing, the revocation hearing date must be employed when assessing finality under § 9545(b)(3) to any issues directly appealable from that hearing.").

newly-discovered facts; or (3) a newly-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Kuhlman claims that his petition is timely under the exception for government interference because the clerk of courts repeatedly forwarded his *pro se* filings to Attorney Temple rather than filing them for consideration by the PCRA court. He asserts that he needed the transcript of his revocation and resentencing hearing to prepare his petition, and despite numerous requests, the clerk of courts would not provide it to him. He contends that Attorney Temple did not respond to his entreaties over several months and that it was her ineffectiveness he sought to challenge in his petition. Kuhlman also argues that the trial court did not allow him to be present for his probation revocation sentencing hearing or ensure that a transcript was produced, so he was unable to challenge the proceedings.[8]

_____

[8] In a single sentence, Kuhlman argues for the first time in his brief on appeal that he is entitled to proceed under the exception for newly-discovered facts because he did not learn until receiving PCRA counsel's **Turner**/**Finley** letter that the revocation proceedings were never recorded or transcribed. Because this argument was not raised in his response to the notice of intent to dismiss the PCRA court, it is waived. **See** Pa. R.A.P. 302(a). Even if we were to reach the merits, though, we would conclude he has not established that the exception applies. To meet this exception, a petitioner must prove that the new facts could not have been ascertained by the exercise of due diligence. **Commonwealth v. Cox**, 146 A.3d 221, 227 (Pa. 2016). Kuhlman makes no argument regarding his due diligence. As the trial court noted and discussed in more detail *infra*, he does not explain why he waited over a year to file his *pro se* petition or why the transcript was necessary to present the claims he was eventually able to plead without access to the transcript.

Under our Rules of Criminal Procedure, "[a]n attorney who has been retained or appointed by the court shall continue such representation through direct appeal or until granted leave to withdraw by the court." Pa. R. Crim. P. 120(A)(4). Moreover, when counsel is appointed, "the appointment shall be effective until final judgment, including any proceedings upon direct appeal." Pa. R. Crim. P. 122(B)(2). Additionally, we note that hybrid representation is not permitted in our courts. *Commonwealth v. Vinson*, 249 A.3d 1197, 1204 (Pa. Super. 2021). When the clerk of courts receives a *pro se* filing submitted by a represented defendant, it must time stamp the document, include it as a docket entry in the case and forward a copy to the defendant's attorney. Pa. R. Crim. P. 576(A)(4).

The Commonwealth and the PCRA court contend that the clerk of courts was merely acting in accordance with Pa. R. Crim. P. 576(A)(4) when it forwarded Kuhlman's *pro se* documents to Attorney Temple. Based on the amount of time that elapsed between the resentencing hearing and Kuhlman's *pro se* correspondence, we disagree. As Attorney Temple informed Kuhlman in her letter, her representation of him ceased when the direct appeal period following his resentencing expired. *See* Response to Notice of Intent to Dismiss, 10/22/21, Exhibit 7. She also asserted that she had not received any communications from him until far after the appeal deadline had passed. This is supported by the record, as the first letter Kuhlman sent to the PCRA

court which was docketed and forwarded to Attorney Temple was received in December 2020, approximately eight months after the hearing.

At that point, pursuant to Pa. R. Crim. P. 120(A)(4) and 122(B)(2), Attorney Temple was no longer representing Kuhlman, and the clerk of courts erred by forwarding Kuhlman's correspondence and subsequent *pro se* filings to her.[9] ***See also Commonwealth v. Castro***, 766 A.2d 1283, 1287 (Pa. Super. 2001) (holding that clerk of courts erred by forwarding a *pro se* petition to the defendant's former counsel after the direct appeal process had ended). The forwarded correspondence included letters in December, February and March requesting his probation violation and resentencing transcript; a letter in May requesting the transcript specifically for the purposes of preparing his petition; his motion to compel in July; the instant petition, also filed in July; and the second motion to compel filed in August.

While we conclude that the clerk of courts improperly forwarded these documents to Attorney Temple, we must still consider whether these missteps constitute government interference that excuses Kuhlman's untimely filing.

> In order to establish the governmental interference exception, a
> petitioner must plead and prove (1) the failure to previously raise

---

[9] In the letter to Attorney Temple dated August 17, 2021, the clerk of courts included additional language that was not in the previous six letters:  "Please be advised that until such time as the Court grants a request from Attorney Simone Temple[] to withdraw as your counsel of record, all filings will be processed in accordance with Pa.R.Crim.P. 576(A)(4)."  Letter, 8/17/21. Attorney Temple filed her motion to withdraw and for appointment of conflict counsel that same day.

the claim was the result of interference by government officials and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence. *In other words, a petitioner is required to show that but for the interference of a government actor he could not have filed his claim earlier*.

**Vinson**, **supra**, at 1205 (citations omitted; emphasis added).

As the PCRA court observed, a *pro se* petitioner is not entitled to have a transcript produced and provided to him when a PCRA petition is not pending. **Commonwealth v. Crider**, 735 A.2d 730, 733 (Pa. Super. 1999). Thus, even if the four letters Kuhlman sent to the clerk of courts requesting a copy of the transcript prior to the deadline for filing a PCRA petition had been docketed as *pro se* motions to be ruled upon by the PCRA court, he would not have been entitled to relief.

Moreover, none of the claims of ineffective assistance of counsel Kuhlman pled in his petition relied upon information that would have been contained in a transcript of the revocation hearing. **Id.** (rejecting government interference argument when the facts necessary to support petitioner's claim were not contained in the requested notes of testimony). Kuhlman claims he had evidence to refute the alleged probation violations but was induced to stipulate to the violations based on Attorney Temple's ineffective counsel.[10]

---

[10] Specifically, he claims he could produce evidence from his counselor that he had participated in sex offender counseling. He also argues that he had proof of his low income from the Social Security Administration that would have exempted him from the requirement to make payments toward his court
*(Footnote Continued Next Page)*

Because his violation and resentencing hearing proceeded by stipulation and he was immediately sentenced, it is unclear what information he could have gleaned from a transcript of the proceedings that would have aided him in presenting these claims. He also argues Attorney Temple was ineffective in failing to file a direct appeal from the new judgment of sentence despite his request that she do so. However, a transcript of the proceedings is not necessary to plead such a claim, even if it may include information helpful to proving the claim at a future evidentiary hearing. Finally, nothing in the *pro se* petition Kuhlman filed after the one-year deadline had passed required citation to the record of his revocation and resentencing hearing.[11]

Put simply, Kuhlman has not established that but for his letters being forwarded to Attorney Temple, he would have been able to file his petition prior to the one-year deadline. *Vinson*, *supra*. Accordingly, he has not set forth an exception to the jurisdictional time-bar and the PCRA court did not err in dismissing his petition.

Order affirmed.

_____

fees and costs. He does not address the additional violations listed in the Commonwealth's petition for a hearing. *See* note 3, *supra*.

[11] If Kuhlman had timely mailed his *pro se* petition but the clerk of courts failed to accept it for filing and, instead, forwarded it to Attorney Temple, he would have a cognizable claim that the clerk of courts interfered with his ability to timely present his claims. Here, however, Kuhlman did not attempt to present his claims at all until nearly two months after the deadline had expired. As such, he cannot establish that the clerk of courts interfered with the timely filing of his petition.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/9/2022