J-A10015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUNIUS P. LEISURE, II | : | |
| | : | |
| Appellant | : | No. 9 MDA 2022 |

Appeal from the PCRA Order Entered December 13, 2021
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0006046-2015

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.:        **FILED: JUNE 10, 2022**

Junius P. Leisure, II, appeals, *pro se*, from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546. We conclude Leisure's PCRA petition is patently untimely, and he failed to plead and prove an exception to the PCRA's timeliness requirement. We affirm.

On June 23, 2016, Leisure entered an ***Alford*** plea[1] to two counts of indecent assault – person less than 13 years of age and one count each of corruption of minors and unlawful contact with a minor. Leisure waived his right to delay sentencing until after the conclusion of his sexually violent

---

[1] ***See North Carolina v. Alford***, 400 U.S. 25 (1970). "[A] person entering an ***Alford*** plea claims innocence, but consents to the imposition of a prison sentence." ***Commonwealth v. Pasture***, 107 A.3d 21, 23 n.1 (Pa. 2014).

predator ("SVP") assessment by the Sexual Offender Assessment Board, and on the same date, the trial court sentenced Leisure to an aggregate term of 3 to 10 years in prison pursuant to the *Alford* plea agreement. The trial court also imposed $1,000.00 in restitution and directed Leisure to pay the costs of prosecution. Leisure did not file a direct appeal.

In the years that followed, Leisure filed numerous motions seeking termination of deductions from his inmate account (often referred to as Act 84 deductions),[2] and litigated the issue in the Pennsylvania Commonwealth Court.

On February 6, 2020, Leisure filed a *pro se* PCRA petition. However, "[u]nder the mistaken belief Leisure had related matters pending in the Pennsylvania state appellate courts, the Clerk of Courts' office did not forward the February PCRA to the [PCRA court] …." PCRA Court Opinion, 12/13/21, at 3-4. On October 26, 2020, Leisure filed an amended PCRA petition.

The PCRA court addressed the February and October filings in separate orders issued on November 16, 2020. The PCRA court determined that the February petition was properly considered another Act 84 motion, which the court lacked subject matter jurisdiction to address. The PCRA court found that the October petition was, in fact, filed pursuant to the PCRA and appointed Leisure counsel. PCRA counsel did not file an amended PCRA petition on

---

[2] *See* 42 Pa.C.S.A. § 9728.

Leisure's behalf and instead filed a motion to withdraw from representation, along with a ***Turner***/***Finley***[3] "no-merit" letter. Leisure filed a *pro se* response.

On February 23, 2021, the PCRA court issued notice of its intent to dismiss Leisure's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. In response, Leisure filed a *pro se* amended PCRA petition and a *pro se* "supplemental pleading." On December 13, 2021, the trial court entered an opinion and order granting counsel leave to withdraw and denying Leisure's PCRA petition as untimely filed. This timely appeal followed.

Prior to reaching the merits of Leisure's claims, we must consider the timeliness of his PCRA petition. ***See Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014).

> Because the time limitations established by the PCRA are jurisdictional in nature, a court lacks jurisdiction to address the claims raised in an untimely petition. The PCRA provides that a petition for relief must be filed within one year of the date the final judgment is entered. A judgment becomes final for purposes of the PCRA at the conclusion of direct review or after the time provided for seeking direct review has lapsed, if no direct review has been taken.

***Commonwealth v. Liebensperger***, 904 A.2d 40, 45 (Pa. Super. 2006) (internal citations omitted).

---

[3] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Here, Leisure's judgment of sentence became final on July 25, 2016, when the time for filing a direct appeal with this Court had expired.[4] *See* Pa.R.A.P. 903(a). Therefore, Leisure had until July 25, 2017 to file a timely PCRA petition. Because Leisure did not file the instant PCRA petition until October 26, 2020, the instant petition is patently untimely.[5] Accordingly, the PCRA court lacked jurisdiction to review Leisure's petition unless he was able to plead and prove one of the statutory exceptions to the PCRA's time-bar:

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim first could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2). "The PCRA squarely

---

[4] The thirtieth day following the entry of Leisure's judgment of sentence was Saturday, July 23, 2016. *See* 1 Pa.C.S.A. § 1908 (providing that if the last day of a statutory time period falls on a weekend or legal holiday, that day shall be omitted from the computation of time).

[5] We note that even if the February 6, 2020 petition was deemed a proper PCRA petition, rather than an Act 84 motion, the filing would still be untimely for PCRA purposes.

places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions." **Commonwealth v. Jones**, 54 A.3d 14, 17 (Pa. 2012).

Leisure cites to **Commonwealth v. Harris** and urges us to find his judgment of sentence became final after the October 12, 2016 SVP hearing. **See** Appellant's Brief at 3-4 (citing 972 A.2d 1196, 1202 (Pa. Super. 2009)). However, even from this date, Leisure's PCRA petition would be patently untimely.[6]

In a separate claim, Leisure contends the trial court erred by denying his motion for transcripts of the SVP hearing, which he claims were necessary to pursue a timely PCRA petition. **See** Appellant's Brief at 7-8. From the record, it appears this claim refers to the petition for transcripts Leisure filed on September 21, 2017.

The trial court denied Leisure's petition for transcripts because there was no action pending at that time, and we conclude the trial court did not err in its disposition of the petition. **See** Trial Court Order, 9/26/17; **Commonwealth v. Crider**, 735 A.2d 730, 733 (Pa. Super. 1999) ("a court is

---

[6] **Harris** involved a substantially different procedural history. In **Harris**, this Court affirmed the appellant's judgment of sentence on direct appeal; later, the Pennsylvania Supreme Court "reversed the trial court's order insofar as it found specified provisions of Megan's Law unconstitutional[.]" 972 A.2d at 1199. On PCRA review, this Court concluded that for timeliness purposes under the PCRA, "judgment" was not limited to the imposition of sentence and included the Supreme Court's decision. **See id.** at 1202.

not required to comply with a defendant's request for transcripts in order to pursue relief in a PCRA proceeding where no such action is pending."). Further, the September 21, 2017 petition for transcripts was filed after the deadline for filing a timely PCRA petition in this case and therefore could not aid Leisure in pursuing a timely petition.[7]

Next, Leisure argues his trial counsel was ineffective and abandoned him following the SVP hearing. **See** Appellant's Brief at 5-6. Leisure cites the newly-discovered evidence and newly-recognized constitutional right exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii) and (iii). However, his argument on this issue ends there. Leisure fails to identify any "facts" that were unknown to him at the time or to explain why he could not ascertain counsel's alleged deficiencies through the exercise of due diligence. **See Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017) (stating that the newly-discovered fact exception "requires the petitioner to allege and prove that there were facts that were unknown to him and that he could not have ascertained those facts by the exercise of due diligence.") (citation and quotation marks omitted); **see also** PCRA Court Opinion, 12/13/21, at 9-10

---

[7] We also note that the certified record before us includes the transcript of the SVP hearing. Nevertheless, as stated above, the date of the SVP hearing does not affect the timeliness of Leisure's PCRA petition. Leisure additionally attempts to raise the governmental interference exception at 42 Pa.C.S.A. § 9545(b)(1)(ii), by again asserting the trial court erred by denying his motion for transcripts. **See** Appellant's Brief at 9-10. For the reasons previously stated, this claim also fails.

("Any facts underlying an ineffective assistance of counsel claim based on the alleged failure of trial counsel to file an appeal or to discuss appellate rights with Leisure would have been immediately known to Leisure, or at the very least would have been apparent within one year from the date the judgment of sentence was finalized."). Nor does Leisure identify a particular constitutional right that has been held to apply retroactively. "Further, it is well-settled that couching a petitioner's claims in terms of ineffectiveness will not save an otherwise untimely filed petition from the application of the time restrictions of the PCRA." ***Commonwealth v. Robinson***, 139 A.3d 178, 186 (Pa. 2016). Accordingly, this claim fails.

Finally, Leisure claims his PCRA counsel was ineffective for failing to present claims on his behalf. ***See*** Appellant's Brief at 10-11. He argues he should be appointed new counsel to file a second PCRA petition challenging counsel's effectiveness. ***See id.***

In support of his claim, Leisure cites our Supreme Court's recent decision in ***Commonwealth v. Bradley***, issued during these PCRA proceedings. In ***Bradley***, the Court held "a PCRA petitioner may, after a PCRA court denies relief and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." 261 A.3d 381, 401 (Pa. 2021) (footnote omitted). However, ***Bradley***, unlike the instant case, involved a timely first PCRA petition.

We also recognize the **Bradley** Court's conclusion that an ineffectiveness claim raised for the first time on appeal may require an appellate court to remand for development of the record. **See id.** at 402. However, the Court clarified, "to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness." **Id.** (citation and quotation marks omitted). Instantly, Leisure provides only the bare allegation that PCRA counsel failed to present meritorious claims. Leisure has failed to identify any material facts at issue concerning the effectiveness of his PCRA counsel's representation; therefore, his final claim entitles him to no relief.

Accordingly, as Leisure has failed to plead and prove an exception to the PCRA's time-bar, we affirm the PCRA court's order denying his untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/10/2022